**C.A. MILOSLAVICH, Jr.,**
**Plaintiff/Appellant,**

v.

**FRUTAS DEL VALLE DE GUADALUPE, S.A., Jugos Del Valle, S.A. de C.V., and H.J. Heinz Company, Defendants/Appellees.**

**Civ. No. 85–1979–R(CM).**

United States District Court,
S.D. California.

April 24, 1986.

As Amended May 15, 1986.

Harrison W. Hertzberg, Hertzberg & Regele, Los Angeles, Cal., for plaintiff/appellant.

Keith E. Pugh, Jr., William E. Wallace, III, Howrey & Simon, Washington, D.C., Allan Reniche, Reniche & Krause, San Diego, Cal., for defendants/appellees.

## MEMORANDUM DECISION AND ORDER

RHOADES, District Judge.

Defendants' joint motion to dismiss Plaintiff's Complaint for Relief From Order of the Secretary of Agriculture pursuant to the Perishable Agricultural Commodities Act (the "Act"), 7 U.S.C. §§ 499a et seq., came on regularly for hearing before Judge Rhoades on February 17, 1986. William E. Wallace III appeared *pro hac vice* on behalf of the movants H.J. Heinz Company ("Heinz") and Jugos del Valle, S.A. de C.V. ("Jugos"), and Allan Reniche appeared on behalf of movant Frutas del Valle de Guadalupe, S.A. ("Frutas"). Harrison W. Hertzberg appeared on behalf of Plaintiff C.A. Miloslavich, Jr.

Upon hearing argument and considering the record and authorities cited, the court took the matter under submission. The parties submitted supplemental briefs. After reviewing these supplemental briefs, and further consideration of the record and authorities cited, and for the reasons set forth below, the Court rules that the defendants' joint motion to dismiss plaintiff's complaint is GRANTED.

BACKGROUND

Plaintiff Miloslavich is a broker of fresh fruits and other perishable agricultural commodities doing business primarily in California. In 1982, plaintiff sold fruit to defendant Frutas, a Mexican company. Frutas transported the fruit to its plant in Mexico for processing and resale. Jugos, a Mexican corporation and a subsidiary of Heinz, purchased some of the processed fruit from Frutas for resale in Mexico.

The sales agreement between plaintiff and Frutas required Frutas to pay plaintiff in American dollars. In September 1982, however, the Mexican government froze foreign currency transactions. No longer able to obtain dollars, Frutas borrowed 100,000 dollars from Heinz to pay plaintiff for some of the delivered fruit.

To satisfy the outstanding balance, Frutas and plaintiff agreed to an installment payment schedule to be made in Mexican pesos. Frutas paid plaintiff the agreed upon amount of pesos in three installments. After converting the pesos to dollars, plaintiff did not realize as much money as he

expected. The record below shows that plaintiff apparently was hoping to profit on the conversion through favorable exchange rates.

In February, 1983, plaintiff filed a complaint before the Secretary of the Department of Agriculture to recover the loss he sustained in converting pesos to dollars. On April 22, 1985, after discovery, prehearing motions and a full, four-day evidentiary hearing, the Judicial Officer issued a Decision and Order dismissing the complaint, and ordering plaintiff to pay attorneys' fees, "as reparation," [1] to the defendants, Frutas, Jugos and Heinz.

On May 8, 1985, plaintiff filed a "Petition for Rehearing and/or Reargument and/or Reconsideration of Order of April 22, 1985." The petition stayed the April 22 Order. On July 26, 1985, after lengthy consideration, an Acting Judicial Officer denied plaintiff's petition to reopen the hearing and dismissed, for lack of merit, his petition for reconsideration. The Secretary reinstated his April 22 Order, with the reparation award to be paid within 30 days from July 26, 1985.

On August 23, 1985, plaintiff filed the complaint in the instant action, appealing the April 22, 1985, and July 26, 1985 orders. Plaintiff did not post a bond in any amount, nor did he give any reason for not doing so. On September 18, 1985, the Department of Agriculture notified the defendants of plaintiff's appeal and pointed out plaintiff's failure to post a bond. On November 13, 1985, pursuant to General Order 325, the instant action was transferred to Judge Rhoades.

## DISCUSSION

The Perishable Agricultural Commodities Act (the "Act"), 7 U.S.C. §§ 499a et seq., provides this Court with appellate jurisdiction to review, *de novo*, decisions of the Secretary. A party adversely affected by an Order of Reparation is allowed to appeal to the United States District Court for the district in which the administrative hearing was held. 7 U.S.C. § 499g(c). The appeal must be filed within 30 days of the date of the reparation order. To perfect the appeal, the plaintiff must file a notice of appeal with the Clerk of the Court, together with a petition in duplicate which recites the prior proceedings and states grounds for defeating the adverse party's right of recovery, and proof of service upon the adverse party. *Id.* In addition, the appeal does not become effective unless:

> within thirty days from and after the date of the reparation order the appellant also files with the clerk a bond in double the amount of the reparation awarded against the appellant conditioned upon the payment of the judgment entered by the court, plus interest and costs, including a reasonable attorney's fee for the appellee, if appellee shall prevail.

7 U.S.C. § 499g(c). *See also O'Day v. George Arakelian Farms, Inc.,* 536 F.2d 856 (9th Cir.1976).

The statute provides that the appeal shall proceed in the district court as a trial de novo like a civil suit for damages, except that the findings of fact and order or orders of the Secretary shall be prima facie evidence of those facts. *Id.*

Moreover, the timely filing of a bond in the appropriate amount is a jurisdictional prerequisite for judicial review of a decision of the Secretary under the Act. *O'Day, supra,* 536 F.2d at 862; *Kessenich v. Commodity Futures Trading Comm'n,* 684 F.2d 88, 91–92 (D.C.Cir.1982).

The defendants argue that although plaintiff timely filed his appeal from the Secretary's reparation order, he failed to

---

1. Section 499g(a) of 7 U.S.C. provides in part that:
   [t]he Secretary shall order any commission merchant, dealer, or broker who is the losing party to pay the prevailing party, *as reparation or additional reparation,* reasonable fees and expenses incurred in connection with any such hearing. (emphasis added).

The Secretary awarded Heinz and Jugos its attorney's fees and costs in the amount of $27,244.91 and to Frutas in the amount of $17,650.67, with interest on both awards at the rate of 13% per annum from the date of the order.

post a bond in any amount, thereby failing to perfect his appeal and incurring a fatal jurisdictional defect. Consequently, they argue, plaintiff's appeal must be dismissed.

Plaintiff's arguments in opposition to the defendant's motion to dismiss center on the issue of Congressional intent. Plaintiff argues that Congress did not expressly consider the bond requirement when it amended the Act to allow the award of attorney's fees to the prevailing party at an oral hearing. Therefore, absent clear Congressional intent, requiring a bond in the instant action would defeat the intent of Congress to protect farmers who are vulnerable to the sharp practices of unscrupulous brokers. Plaintiff also attempts to distinguish cases that have held the bond requirement to be a jurisdictional prerequisite by arguing that the reparation awards appealed from in those cases included an award for damages representing goods sold and delivered, as well as attorney's fees.

Finally, plaintiff included a somewhat cryptic section in his opposition papers to the effect that he "stands in the shoes of a farmer as he directly sold to [the defendants] the produce which is the subject matter of this action." Opposition at 5, lines 17–19. The rationale underlying the inclusion of this section became apparent only at the oral hearing in this Court when plaintiff's attorney expressly stated, for the first time, his contention that his client was a farmer and not a broker, and therefore not subject to having attorney's fees assessed against him. Plaintiff argues that an express finding that the losing party below is a commission merchant, dealer or broker is a necessary predicate to the award of attorney's fees. *See* Plaintiff's Supplemental Brief at pp. 2–3.

This issue of whether or not plaintiff is a farmer or broker, which was the subject of the parties' supplemental briefs, will be addressed first.

*Plaintiff's Argument That He "Stands in the Shoes of a Farmer."*

Plaintiff argues that nowhere in the Findings of Fact did the Secretary expressly find that plaintiff was a commission mer-

chant, dealer or broker. Plaintiff's Supplemental Brief at 1. Nevertheless, in his Opening Brief filed with the Secretary on September 14, 1984, plaintiff states that he "is a licensed broker, dealer and commission merchant under the Act." Opening Brief at p. 2. Plaintiff now asks the court to swallow his revisionist history whole, and find that he was "standing in the shoes of a farmer," and because he was not a "commission merchant, dealer, or broker," to find that he was not subject to the assessment of attorney's fees. This court cannot so find.

Section 499g(a) of 7 U.S.C. provides in part that:

[t]he Secretary shall order any commission merchant, dealer, or broker who is the losing party [in a hearing under the Act] to pay the prevailing party, as reparation or additional reparation, reasonable fees and expenses incurred in connection with any such hearing.

Pursuant to § 499g(a), the Secretary assessed, as reparation, costs and attorney's fees against plaintiff. It is inconceivable to the Court that the Secretary, to whom the initial stages of adjudication under the act is entrusted, would have disregarded the plain language of the Statute and assessed fees and expenses against someone other than a "commission merchant, dealer, or broker."

While the Secretary did not make an "express" finding of fact that Miloslavich is a "commission merchant, dealer, or broker," the record indicates that this finding is implicit in its award of attorney's fees as reparation.

First, in his opening brief filed with the Secretary on September 18, 1984, plaintiff represented himself as "licensed broker, dealer and commission merchant under the Act." Nowhere in the record below is there any reference to plaintiff's "standing in the shoes of a farmer." Second, in his complaint on appeal filed with the District Court on August 23, 1985, plaintiff lists 22 "grounds for reversal" of the Secretary's decision. None of these "grounds" even

hints at plaintiff's subsequent assertion that he "stands in the shoes of a farmer." The only "ground for reversal" that even mentions attorney's fees can be found at paragraph 26(u) of the Complaint; plaintiff merely argues that because the Secretary found in his favor on one issue, he was the prevailing party, and therefore could not be subject to the assessment of attorney's fees.

A full, four-day evidentiary hearing was held below. Discovery was conducted. Both sides fully briefed the issues. After a ruling adverse to him, Order dated April 22, 1985, plaintiff filed a petition for reconsidering or reopening the proceeding. After lengthy consideration, the Secretary denied the petition to reopen and dismissed the petition for reconsideration. Order dated July 26, 1985. Plaintiff then appealed from the orders entered by the Secretary, and it was not until he filed his opposition papers to the instant motion that any other participant in this litigation received an inkling that plaintiff viewed himself as "standing in the shoes of a farmer."

It would be inequitable and unfair to the defendants, and subvert the interests of the Court in judicial economy, to permit plaintiff, after the lengthy and costly proceedings to date, to interpose an issue that is nothing more than a red herring intended to confuse the only real issue in this lawsuit, whether this Court has jurisdiction despite plaintiff's failure to perfect his appeal by filing a bond.

*Jurisdictional Prerequisite: Posting of a Bond in an Appropriate Amount*

Section 499g(c) of 7 U.S.C. provides in part that an appeal from a reparation order of the Secretary does not become effective unless:

within thirty days from and after the date of the reparation order the appellant also files with the clerk a bond in double the amount of the reparation awarded against the appellant conditioned upon the payment of the judgment entered by the court, plus interest and costs, including a reasonable attorney's fee for the appellee, if appellee shall prevail.

*See also O'Day v. George Arakelian Farms, Inc.,* 536 F.2d 856 (9th Cir.1976). The House report concerning the Act's bond requirement expressly states:

Section 9 amends [7 U.S.C. § 499g(c) ] to make it clear that an appeal from a reparation award of the Secretary shall not be effective as an appeal, and therefore not a matter within the jurisdiction of the district court of the United States in which the petition is filed, unless the required bond is filed with the court within 30 days from and after the date of the Secretary's order.

H.R. Rep. No. 1546, 87th Cong., 2d Sess. 7 (1962), *reprinted in* 1962 U.S. Code Cong. & Ad. News 2749, 2754.

Plaintiff attempts to sidestep this clear indication of Congressional intent by arguing that Congress did not expressly consider the bond requirement when it added the provisions for fees and expenses to the Act. Opposition at 7–9. The plaintiff also argues that the case law cited by the defendant is easily distinguishable from the instant action because none of those cases involved an award for attorney's fees alone. Both of these arguments can be considered together.

Plaintiff contends that the failure of either Congress or the Department of Agriculture to consider the potential relationship between the bond requirement and the award of attorney's fees precludes the invocation of the bond requirement in the instant action where the reparation award consists of attorney's fees alone. The effect of such a construction would certainly result in inequities, for an appellee would be protected only in certain situations. The plaintiff, however, offers no reason or explanation why an appellee who holds a judgment for damages representing expenses and attorney's fees actually incurred is entitled to any less protection than an appellee who holds a judgment for damages representing goods sold and delivered.

In construing section 499g(c), the Ninth Circuit in *O'Day, supra,* 536 F.2d at 860,

recognized that "the state may properly condition the right to appeal upon posting security sufficient to protect appellee from loss of damages already awarded, interest and (as established by *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 552, 69 S.Ct. 1221, 1228, 93 L.Ed. 1528 (1949)) costs on appeal, including a reasonable attorney's fee." The court then sustained the statutory bond requirement "[i]n the amount of the reparation award and appellee's reasonably expected costs, interest, and attorney's fees on appeal." *Id.* at 862. The *O'Day* court cited with approval a similar holding of the Sixth Circuit in *Chidsey v. Guerin*, 443 F.2d 584, 588 (6th Cir.1971), that the bond requirement assures an appellee that he can later collect his litigation expenses and judgment if the reparation award is affirmed. The reason for the bond is to assure the appellee's ability to collect what he is owed and to encourage the appellee to defend the reparation order in the District Court. *Id.*

Notwithstanding plaintiff's protests to the contrary, there is nothing in the legislative history to suggest that Congress intended to protect appellees injured because an appellant failed to pay for produce, but not an appellee injured because he was required to incur the expense of defending a complaint by oral hearing. Such a construction would engender an unfair result.

■ Consequently, this Court finds that the Secretary's reparation award of attorney's fees and costs to the defendants triggered the statutory bond requirement of 7 U.S.C. § 499g(c). The plaintiff failed to post a bond in any amount, and did not give any reason or explanation for not doing so. As a result, the appeal from the Secretary's orders was not perfected and this Court does not have jurisdiction to hear plaintiff's appeal.

Accordingly, IT IS ORDERED, that the defendants' motion is GRANTED, and the Complaint be, and hereby is, dismissed. Defendants shall submit appropriate affidavits to support their respective claims for attorney's fees incurred in defending this appeal within 20 days.

IT IS SO ORDERED.