# United States Court of Appeals
## For the First Circuit

No. 08-1365

LUCY FOTHERGILL,

Plaintiff, Appellant,

v.

UNITED STATES OF AMERICA
(UNITED STATES POSTAL SERVICE),

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., U.S. District Judge]

No. 08-1951

CRUZ TERESA DEL TORO PINEIRO,

Plaintiff, Appellant,

v.

UNITED STATES OF AMERICA
(UNITED STATE POSTAL SERVICE),

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

————————————————

Before

Howard, Selya and Hansen,[*] Circuit Judges.

————————————————

Luis M. Chaves Ghigliotty on brief for appellants.
Ray E. Donahue, Acting Chief Counsel, Appellate Division,
United States Postal Service, Michelle A. Windmueller, Attorney,
Appellate Division, and Rosa Emilia Rodríguez-Vélez, United States
Attorney, on brief for appellee.

————————————————

May 21, 2009

————————————————

————————————————

[*]Of the Eighth Circuit, sitting by designation.

**SELYA**, <u>Circuit Judge</u>.  These appeals arise out of a freak accident that occurred on April 25, 2005, at a post office in Boqueron, Puerto Rico.  On that date, two unrelated parties (plaintiffs Lucy Fothergill and Cruz Teresa del Toro Pineiro) happened to be inside the facility.  Each woman was bent on transacting routine business.

In the same time frame, another postal customer was maneuvering her car in the parking lot.  That customer accidentally drove her vehicle through the front entrance of the building and into its public area.  Both plaintiffs sustained injuries as a result of the mishap.

After complying with applicable administrative preconditions, the women instituted separate civil actions against the United States, as a surrogate for the United States Postal Service, under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680.  We chronicle the travel of these actions.

On May 2, 2007, Fothergill filed a complaint alleging that the United States was liable in tort for her damages.  The government responded by moving to dismiss the action for want of subject-matter jurisdiction.  Astonishingly, Fothergill did not oppose the motion.

Well after the expiration of the deadline for filing an opposition to the government's motion, the district court (Pieras, J.) granted the unopposed motion on the ground that the FTCA's

discretionary function exception foreclosed the claim. See Fothergill v. United States, No. 07-cv-01378, slip op. at 5 (D.P.R. Dec. 19, 2007) (unpublished). Fothergill moved unsuccessfully for reconsideration and later appealed.

The same attorney represented the other plaintiff, del Toro. It is, therefore, unsurprising that her action traveled a similar path. She sued on April 11, 2007; her complaint alleged that the United States was liable in tort for her damages under the FTCA; and on September 22, 2007, the government moved to dismiss the complaint for want of subject-matter jurisdiction. The plaintiff did not deign to file an opposition to the government's motion.

On May 6, 2008, the district court (Casellas, J.) dismissed the action, holding that the FTCA's discretionary function exception barred its further prosecution. See Del Toro Pineiro v. United States, No. 07-cv-01304, slip op. at 4 (D.P.R. May 6, 2008) (unpublished). In a binary move, del Toro sought reconsideration and served a notice of appeal. After the district court declined to revisit its dismissal of the action, del Toro amended her notice of appeal.

Fothergill's and del Toro's appeals present the same central issue. Thus, we consolidated them.

The courts below acted in response to motions to dismiss for lack of subject-matter jurisdiction. See Fed. R. Civ. P.

-4-

12(b)(1).  When such decisions are made on the pleadings, they engender de novo review.  See, e.g., McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir. 2006); see also Irving v. United States, 162 F.3d 154, 162 (1st Cir. 1998) (en banc) (explaining that de novo review is appropriate for a conclusion that the FTCA's discretionary function exception applies). In carrying out that task, we take as true all well-pleaded facts in the plaintiffs' complaints, scrutinize them in the light most hospitable to the plaintiffs' theory of liability, and draw all reasonable inferences therefrom in the plaintiffs' favor.[1]  See Muñiz-Rivera v. United States, 326 F.3d 8, 11 (1st Cir. 2003).  If the well-pleaded facts, evaluated in that generous manner, do not support a finding of federal subject-matter jurisdiction, the orders of dismissal must stand.  See id.

Here, however, the usual, plaintiff-friendly standard of review is tilted.  After all, neither plaintiff opposed the government's motion to dismiss.  Consequently, the plaintiffs have forfeited the argument in favor of subject-matter jurisdiction. See, e.g., United States v. Leahy, 473 F.3d 401, 409-10 (1st Cir.

_____

[1]This standard applies to motions to dismiss for want of subject-matter jurisdiction that are adjudicated on the pleadings, in advance of jurisdictional discovery and without the taking of any evidence.  Given the procedural posture of these appeals, we need not dwell upon the standards that pertain in other circumstances.  See, e.g., Foster-Miller, Inc. v. Babcock & Wilcox Can., 46 F.3d 138, 147-48 (1st Cir. 1995) (describing various standards).

2007).  Our review, accordingly, is only for plain error.  <u>See</u>,
<u>e.g.</u>, <u>Dávila</u> v. <u>Corporación De P.R. Para La Difusion Publica</u>, 498
F.3d 9, 14-15 (1st Cir. 2007); <u>Cipes</u> v. <u>Mikasa, Inc.</u>, 439 F.3d 52,
56 (1st Cir. 2006).  Review for plain error places a formidable
obstacle in an appellant's path.  A simple showing of error no
longer will suffice.  Rather, the appellant must make a four-part
showing: "(1) that an error occurred (2) which was clear or obvious
and which not only (3) affected the [appellant's] substantial
rights, but also (4) seriously impaired the fairness, integrity, or
public reputation of judicial proceedings."  <u>United States</u> v.
<u>Duarte</u>, 246 F.3d 56, 60 (1st Cir. 2001).  We discern no error here,
plain or otherwise.

The FTCA dominates the topography of this case.[2]  That
statute comprises a limited waiver of the federal government's
sovereign immunity with respect to private causes of action
sounding in tort.  <u>Shansky</u> v. <u>United States</u>, 164 F.3d 688, 690 (1st
Cir. 1999).  The plaintiffs sued on the basis of this limited
waiver, but the government asserts that the plaintiffs' claims fall
outside the waiver's boundaries.  If that assertion holds water,
the FTCA affords no license for suing the federal government (and,

---

[2] Although the Postal Reorganization Act itself contains a generalized waiver of immunity to suit, <u>see</u> 39 U.S.C. § 401(1), that statute explicitly acknowledges that the provisions of the FTCA shall apply to all tort claims arising out of the Postal Service's activities.  <u>See</u> <u>id.</u> § 409(c); <u>see</u> <u>also</u> <u>Dolan</u> v. <u>U.S. Postal Serv.</u>, 546 U.S. 481, 484 (2006); <u>Davric Me. Corp.</u> v. <u>U.S. Postal Serv.</u>, 238 F.3d 58, 62 (1st Cir. 2001).

thus, no footing for the instant actions). See Hydrogen Tech. Corp. v. United States, 831 F.2d 1155, 1160 (1st Cir. 1987). These appeals hinge, then, on the credibility of the government's assertion.

Congress has specified various situations in which the FTCA's circumscribed waiver of sovereign immunity will not attach. See 28 U.S.C. § 2680. One such specification, pertinent here, relates to claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government . . . ." Id. § 2680(a). The courts below held that this provision controlled here. The analytic framework used in connection with the discretionary function inquiry is familiar: a court first must identify the conduct that is alleged to have caused the harm, then determine whether that conduct can fairly be described as discretionary, and if so, decide whether the exercise or non-exercise of the granted discretion is actually or potentially influenced by policy considerations. See Bolduc v. United States, 402 F.3d 50, 60 (1st Cir. 2005); Shansky, 164 F.3d at 691-92.

This brings us to the claims at hand. To begin, each plaintiff alleges that the Postal Service (and, thus, the United States) was guilty of negligence in designing and maintaining the premises of the Boqueron post office without "the most elemental means to protect the areas inside its facility used by the public

to transact their business . . . from intrusion and injury" by vehicles using the immediately adjacent parking areas. In their appellate briefs, the plaintiffs flesh out this allegation. They say, in essence, that the Postal Service negligently designed the parking lot and the entrance to the post office, and that the plaintiffs' injuries could have been avoided if the Postal Service had placed some sort of curb or barrier in front of the building's entrance or had marked the parking spaces differently.

It is possible to characterize these plaints either as claims for improper design or as claims for negligent failure to furnish a safe place within which postal patrons could transact their wonted business. For present purposes, choosing between these labels would be a pointless exercise; the applicability of the discretionary function exception turns on the nature and quality of the harm-producing conduct, not on the plaintiffs' characterization of that conduct. See Berkovitz v. United States, 486 U.S. 531, 536 (1988). Here, regardless of how the conduct is denominated, the focus of the plaintiffs' complaints is on the Postal Service's decisionmaking with respect to the implementation (or eschewal) of safety measures in connection with its operation of the post office.

Having identified the harm-producing conduct, we proceed to the second facet of the inquiry. In carving out the discretionary function exception, Congress wanted to prevent courts

-8-

from second-guessing legislative and administrative decisionmaking. See id. at 536-37; United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 814 (1984). Thus, the next step is to determine whether the identified conduct involves a matter that the political branches have left to the actor's choice.

At its core, the identified conduct involves decisions about what safety measures should be included and what should be excluded in the layout of the post office and its appurtenant amenities. On the record before us, those decisions were wholly discretionary. The plaintiffs have identified no law, regulation, rule, or other requirement that tied the Postal Service's hands in configuring and outfitting either the building or its adjacent parking areas. In the absence of any such circumscription, the pertinent decisions are matters of executive choice (that is, matters committed to the discretion of the responsible officials). See, e.g., Shansky, 164 F.3d at 691-92; Irving, 162 F.3d at 162-63.

The last phase of the inquiry requires us to determine whether this discretion is of the type and kind that Congress sought to safeguard through the discretionary function exception. See United States v. Gaubert, 499 U.S. 315, 322-23 (1991); Berkovitz, 486 U.S. at 536-37. That question is easily answered here. Deciding whether to install curbs or barriers in a parking lot, when to do so, how to array them, and the like are variables

about which reasonable persons can differ.  In the last analysis, those choices are informed by a need to balance concerns about a myriad of factors such as efficiency, safety, aesthetics, and cost. In other words, those choices are readily susceptible to policy analysis.

No more is exigible.  So long as there is room for differing policy judgments, there is discretion of the type and kind shielded by section 2680(a).  See Berkovitz, 486 U.S. at 537; Shansky, 164 F.3d at 692-93.

There remain two loose ends.  We address each of them briefly.

First, the plaintiffs argue that there is no indication that the Postal Service ever undertook to weigh the competing policy concerns that we have identified.  That argument is unavailing.

The law imposes no requirement that the government, as a prerequisite to invoking the discretionary function exception, demonstrate that a policy judgment actually was made.  The discretionary function exception applies to all acts and omissions that are susceptible to policy analysis, whether or not that analysis has been performed on a given occasion.  See Gaubert, 499 U.S. at 324-25; Irving, 162 F.3d at 162.

Second, the plaintiffs condemn the negligence that infuses the Postal Service's conduct.  But even if the Postal

-10-

Service acted negligently — a matter on which we take no view — that shortcoming would not profit the plaintiffs.

We already have established that the challenged conduct is of the nature and quality that Congress intended to protect by means of the discretionary function exception. Once that precondition has been satisfied, the prophylaxis of the exception attaches regardless of whether the decisionmaker acted negligently or manifestly abused the granted discretion. See Ayer v. United States, 902 F.2d 1038, 1041 (1st Cir. 1990); see also 28 U.S.C. § 2680(a) (deeming immaterial the question of "whether or not the discretion involved [was] abused").

We need go no further. In this instance, the plaintiffs have neither alleged the existence of, nor otherwise identified, any mandatory law, rule, regulation, or policy that required the Postal Service to install curbs or barriers in front of the Boqueron post office, to lay out the parking lot in any special way, or otherwise to design or maintain the premises in a manner that might have averted this unfortunate accident. For aught that appears, the design criteria were in relevant part matters of unfettered executive choice. Since the choices relative to design were susceptible to policy analysis, the courts below did not err in applying the discretionary function exception and dismissing the plaintiffs' suits.

**<u>Affirmed</u>**.