# United States Court of Appeals
## For the First Circuit

No. 12-1581

THE ALPHAS COMPANY, INC.,

Plaintiff, Appellant,

v.

WILLIAM H. KOPKE, JR., INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Howard, Selya and Lipez,
Circuit Judges.

Noah B. Goodman and Law Offices of Noah B. Goodman on brief
for appellant.
Rosemary Traini on brief for appellee.

February 13, 2013

**SELYA**, **Circuit Judge**.  This case poses the question of whether the appeal provisions (including the bond requirements) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §§ 499a-499t, are mandatory and jurisdictional.  Guided by the language and structure of the statute, its legislative history, and its traditional treatment by other courts, we answer this question in the affirmative.  Consequently, we affirm the district court's dismissal of an attempted appeal.

The case at hand has its genesis in an administrative proceeding brought pursuant to the PACA by William H. Kopke, Jr., Inc. (Kopke) against The Alphas Company, Inc. (Alphas).  In that proceeding, Kopke alleged that Alphas had accepted delivery of four truckloads of grapes, peaches, and nectarines, yet failed to pay the appropriate purchase price.  Kopke sought an award in the amount of $68,220, with credit to be given for the lesser sum actually paid by Alphas ($18,195).

After the parties waived an oral hearing, an administrative law judge acting on behalf of the Secretary of Agriculture (the Secretary), see 7 C.F.R. § 47.2(c), adjudicated the dispute in accordance with applicable regulations, see id. § 47.20.  On December 7, 2011, Kopke's complaint bore fruit; the Secretary issued an order on that date awarding Kopke $50,025, plus interest.  On January 6, 2012, Alphas sought to appeal the reparation order by filing a petition and notice in the United

States District Court for the District of Massachusetts. See 7 U.S.C. § 499g(c).

The PACA requires that a putative appellant file a notice of appeal and a bond within "thirty days from and after the date of the reparation order." Id. The bond must be "in double the amount of the reparation awarded against the appellant [and] conditioned upon the payment of the judgment entered by the court, plus interest and costs, including a reasonable attorney's fee for the appellee, if the appellee shall prevail." Id. In connection with its appeal, Alphas submitted, on January 12, 2012, a $100,000 "Business Service Bond" (Bond No. 1), dated January 10, 2012. This bond was backdated to January 6, 2012 in an apparent attempt to bring it within the time frame of 7 U.S.C. § 499g(c). In terms, the bond purposed to indemnify Kopke

> against loss of money or other property, real or personal, belonging to any and all subscribers (the "Subscriber") to its services, or in which the Subscriber has a pecuniary interest, or for which the Subscriber is legally liable, which the Subscriber shall sustain as the result of any fraudulent or dishonest act, as hereinafter defined, of an Employee or Employees of [Kopke] . . . .

In due season, Kopke moved to dismiss the appeal, see Fed. R. Civ. P. 12(b)(1), arguing that the district court lacked subject matter jurisdiction because Alphas had failed to comply with the PACA's bond requirements. Kopke asserted that Bond No. 1 was untimely filed, insufficient in amount, and lacking the

-3-

appropriate indemnification covenants. Specifically, it pointed out that, in this instance, the PACA required that the bond be filed no later than January 6, 2012; that it be in an indemnity amount of no less than $100,050; and that it inure to the benefit of the obligee to insure payment of the reparation order, attorney's fees, interest and the like. Bond No. 1, Kopke asseverated, satisfied none of these requirements.

In opposition, Alphas did not seriously deny the existence of the shortcomings enumerated by Kopke. It argued instead that the statutory bond requirements were not jurisdictional and that its noncompliance could be excused at the court's discretion. This was a favorable case for the exercise of discretion, Alphas added, because the defects in Bond No. 1 were not substantial and, in all events, it had filed (on February 15, 2012) a superseding bond (Bond No. 2) that ameliorated the defects. Alphas also insisted that the initial defects had not in any way prejudiced Kopke. Faced with these conflicting contentions, the district court summarily granted the motion to dismiss. This timely appeal followed.

We review de novo the district court's determination, made without either an evidentiary hearing or any semblance of differential factfinding, that it lacked subject matter

jurisdiction.[1]  See Fothergill v. United States, 566 F.3d 248, 251 (1st Cir. 2009).  In carrying out this task, "we take as true all well-pleaded facts in the plaintiffs' complaint, scrutinize them in the light most hospitable to the plaintiffs' theory . . . , and draw all reasonable inferences therefrom in the plaintiffs' favor." Id.

Congress enacted the PACA to regulate the sale of produce in interstate commerce.  Ch. 436, 46 Stat. 531, 531 (1930).  The PACA authorizes the Secretary to consider claims that parties have not complied with its provisions.  7 U.S.C. § 499f.  Relatedly, Congress provided that once the Secretary issues a reparation order, an aggrieved party may appeal the order to the federal district court in the district in which the administrative hearing was held.  Id. § 499g(c).

This right of appeal, however, is not unconditional.  The PACA provision dealing with judicial review of reparation orders makes pellucid that an appeal must be taken within thirty days of the issuance of the order.  Id.  Furthermore:

> Such appeal shall not be effective unless
> within thirty days from and after the date of
> the reparation order the appellant also files
> with the clerk a bond in double the amount of

---

[1] In other circumstances, the standard of review of an order dismissing a case for want of subject matter jurisdiction may be different.  See Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 147-48 (1st Cir. 1995); Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992).  We need not explore these differing standards today.

the reparation awarded against the appellant conditioned upon the payment of the judgment entered by the court, plus interest and costs, including a reasonable attorney's fee for the appellee, if the appellee shall prevail.

Id.

In this case, it is unarguable that Alphas failed to comply with the statutory bond requirements. Bond No. 1 suffered from no fewer than three material defects: it was not filed within the prescribed thirty-day appeal period; it was in an amount less than the amount stipulated; and it did not contain appropriate indemnification covenants.[2] Viewed in this light, our inquiry reduces to whether the statutory bond requirements are mandatory and jurisdictional. If so, they demand strict compliance. See, e.g., Microsystems Software, Inc. v. Scandinavia Online AB, 226 F.3d 35, 41 (1st Cir. 2000). Otherwise, a district court retains a measure of elasticity in determining compliance. See, e.g., Tapia-Tapia v. Potter, 322 F.3d 742, 745 n.4 (1st Cir. 2003).

There is a line, albeit sometimes hazy, between jurisdictional and nonjurisdictional requirements. A jurisdictional requirement implicates a court's constitutional and statutory power to hear and resolve a case. Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1243 (2010). Non-compliance with such

---

[2] Kopke also suggests that Bond No. 1 is a nullity because it was canceled by the surety company on February 29, 2012. Because the order of dismissal is supportable on other grounds, see text infra, we need not explore this suggestion.

a requirement deprives a federal court of subject matter jurisdiction to adjudicate a matter. Bowles v. Russell, 551 U.S. 205, 213 (2007). After all, federal courts are courts of limited jurisdiction and, subject to constitutional constraints, Congress has the exclusive right to determine "when, and under what conditions, federal courts can hear [cases]." Id. at 212-13.

Nonjurisdictional requirements are the fruit of a different vine. Such requirements can best be understood as claim processing rules. See Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1203 (2011). Such rules do not define what cases courts can and cannot hear, and a modicum of flexibility attaches to their administration. See Tapia-Tapia, 322 F.3d at 745 n.4.

In determining where the PACA bond requirements fall within this taxonomy, we are guided by the methods limned by the Supreme Court for distinguishing between jurisdictional requirements and claim processing rules. See, e.g., Gonzalez v. Thaler, 132 S. Ct. 641, 648-49 (2012); Reed Elsevier, 130 S. Ct. at 1243-44. A requirement is jurisdictional "[i]f the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional." Arbaugh v. Y & H Corp., 546 U.S. 500, 515 (2006). Because this is so, an appraisal of the jurisdictional character of a statutory requirement must focus on the text, context, and historical treatment of the requirement. Reed Elsevier, 130 S. Ct. at 1246.

As we previously have explained, the language of section 499g(c) is "unambiguous and mandatory: a party's appeal 'shall not be effective' unless the bond is timely filed." Alphas Co. v. Dan Tudor & Sons Sales, Inc., 679 F.3d 35, 39 (1st Cir.), cert. denied, 133 S. Ct. 652 (2012) (quoting 7 U.S.C. § 499g(c)). This definitive language was added when Congress amended the PACA in 1962. Pub. L. No. 87-725, 76 Stat. 673, 675 (1962). The congressional report that accompanied these amendments made manifest that compliance with the bond requirements was a prerequisite for subject matter jurisdiction. See H.R. Rep. No. 87-1546, at 7 (1962), reprinted in 1962 U.S.C.C.A.N. 2749, 2754. The language of the amendment, read through the prism of this report, removes any doubt that may have existed about the centrality of the bond requirement; Congress bluntly stated that it amended the appeal provisions of the PACA specifically to ensure that

> an appeal from a reparation award . . . shall not be effective as an appeal, and therefore not a matter within the jurisdiction of the district court of the United States in which the petition is filed, unless the required bond is filed with the court within 30 days from and after the date of the Secretary's order.

Id.

An examination of the structure of the statute conduces to the same conclusion. The bond requirements are part and parcel of the very statutory provision that grants federal district courts

subject matter jurisdiction to review reparation orders. See 7 U.S.C. § 499g(c). This is an important datum. Cf. Reed Elsevier, 130 S. Ct. at 1245-47 (holding the registration requirement of the Copyright Act nonjurisdictional as it is located in a provision separate from those granting federal courts subject matter jurisdiction). The short of it is that our inquiry into context provides further evidence of Congress's intent to make the bond requirements jurisdictional.

The historical treatment of the appeal provisions of the PACA buttresses the conclusion that the statutory bond requirements were meant to be compulsory. This conclusion is inherent in the consistency with which other courts have held that the bond requirements are jurisdictional. See, e.g., Kessenich v. CFTC, 684 F.2d 88, 91-93 (D.C. Cir. 1982) (analogizing the jurisdictional bond requirements of the Commodities Exchange Act with those of the PACA); Chidsey v. Geurin, 443 F.2d 584, 586 (6th Cir. 1971) (affirming district court's holding that PACA bond requirements jurisdictional).

In this case, all roads lead to Rome: the text of the statute, its context, and its historical treatment point unerringly in the same direction. In line with these signposts, we hold that the bond requirements of the PACA are mandatory and jurisdictional, and that the timely filing of a proper bond is a prerequisite for judicial review of a reparation order. Consequently, a party's

failure to file a proper bond within the time prescribed by law renders an attempted appeal nugatory. See Kessenich, 684 F.2d at 91-93; Chidsey, 443 F.2d at 586; Miloslavich v. Frutas del Valle de Guadalupe, 637 F. Supp. 434, 436 (S.D. Cal. 1986), aff'd, 815 F.2d 714 (9th Cir. 1987) (table); see also Alphas Co., 679 F.3d at 39-40 (dismissing appeal for failure to file bond). It follows inexorably that if an appellant fails to comply with the statutory bond requirements, a federal court cannot exercise subject matter jurisdiction.

We need go no further. Because Alphas did not file a proper bond within the prescribed period, the district court correctly ruled that it lacked subject matter jurisdiction to entertain an appeal of the reparation order.[3]

**Affirmed.  Costs to appellee.**

---

[3] We note in passing that the shortcomings of the proffered bonds were not trivial; they were the wrong type of bond. The purpose of an appeal bond under the PACA is to "assure[] an appellee that he can later collect his litigation expenses and judgment if the reparation award is affirmed." Miloslavich, 637 F. Supp. at 439. Both Bond No. 1 and Bond No. 2 had a different set of covenants and, thus, offered no such assurance.

-10-