**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

---

No. 12-1962

THE ALPHAS COMPANY, INC.,

Plaintiff, Appellant,

v.

EMPACADORA, GAB, INC.,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Judith G. Dein, U.S. Magistrate Judge]

---

Before

Howard, Selya and Lipez,
Circuit Judges.

---

Noah B. Goodman and Law Offices of Noah B. Goodman on brief for appellant.
Theodore M. Hess-Mahan and Hutchings, Barsamian, Mandelcorn & Zeytoonian, LLP on brief for appellee.

---

March 19, 2013

---

**SELYA, Circuit Judge.** Appellee Empacadora, GAB, Inc. (Empacadora) brought an administrative proceeding against appellant The Alphas Company, Inc. (Alphas) pursuant to the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §§ 499a-499t, alleging that Alphas had failed to pay the full purchase price due on ten truckloads of produce. On August 11, 2011, the Secretary of Agriculture (the Secretary) issued a reparation order awarding Empacadora $65,357.94, plus interest and costs. On October 25, 2011, the Secretary denied Alphas' petition for reconsideration.

On November 23, 2011, Alphas purposed to appeal the reparation order by filing a petition and notice in the United States District Court for the District of Massachusetts. See 7 U.S.C. § 499g(c). On December 1, 2011, Alphas submitted a $100,000 "Business Service Bond," backdated to November 23, 2011.

When Empacadora did not timely respond, Alphas sought and received an entry of default. See Fed. R. Civ. P. 55(a). Empacadora countered by moving to dismiss Alphas' appeal, asserting that the district court lacked subject matter jurisdiction because Alphas had failed to comply with the PACA's bond requirements. Alphas opposed the motion, and the parties consented to have the case decided by a magistrate judge. See 28 U.S.C. § 636(c).

In due course, the magistrate judge granted the motion to dismiss, concluding that Alphas' failure to file a bond that met the requirements of 7 U.S.C. § 499g(c) rendered its appeal

-2-

ineffective. <u>Alphas Co.</u> v. <u>Empacadora, GAB, Inc.</u>, No. 11-12076, 2012 WL 2862103, at *6 (D. Mass. July 10, 2012). This timely second-tier appeal followed. We need not tarry. Alphas' appeal is foreclosed by our recent decision in <u>Alphas Co.</u> v. <u>William H. Kopke, Jr., Inc.</u>, No. 12-1581, 2013 WL 518718 (1st Cir. Feb. 13, 2013), in which we held "that the bond requirements of the PACA are mandatory and jurisdictional, and that the timely filing of a proper bond is a prerequisite for judicial review of a reparation order." <u>Id.</u> at *4.

Here, as in <u>Kopke</u>, the appellant failed to comply strictly with the statutory bond requirements. Specifically, the bond was not filed within the prescribed thirty-day period; it was in an amount less than the amount statutorily required; and it did not contain appropriate indemnification covenants. <u>See</u> 7 U.S.C. § 499g(c). Given these patent deficiencies, the magistrate judge properly concluded that the district court lacked subject matter jurisdiction to entertain the attempted appeal of the reparation order.

The entry of a default, later vacated, does not affect this conclusion. After all, it is settled beyond hope of contradiction that a party cannot confer subject matter jurisdiction, otherwise absent, by waiver, consent, or indolence. <u>See</u> <u>United States</u> v. <u>Horn</u>, 29 F.3d 754, 768 (1st Cir. 1994); <u>see also</u> <u>Kopke</u>, 2013 WL 518718, at *4 (stating that "if an appellant

fails to comply with the statutory bond requirements, a federal court cannot exercise subject matter jurisdiction").

We need go no further. For the reasons elucidated above, the judgment in this case is summarily affirmed. <u>See</u> 1st Cir. R. 27.0(c).


**<u>Affirmed</u>.**