# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Shaquille Richardson

      v.                                             Case no. 23-cv-206-SE
                                                     Opinion No. 2024 DNH 014

Warden, FCI Berlin

### ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") allows a federal prisoner to file a second or successive petition challenging his conviction pursuant to 28 U.S.C. § 2255 in only limited, specific circumstances. Pro se prisoner Shaquille Richardson acknowledges that those circumstances are not present here. Instead, he argues that the absence of those circumstances renders any § 2255 motion "inadequate or ineffective" pursuant to the statute, allowing him to invoke its "savings clause" and challenge his conviction pursuant to 28 U.S.C. § 2241. Unfortunately for Mr. Richardson, the Supreme Court squarely rejected this theory in Jones v. Hendrix, 599 U.S. 465 (2023).

### Standard of Review

When subject-matter jurisdiction is challenged under Rule 12(b)(1) of the Federal Rules of Civil Procedure, "the party invoking the jurisdiction of a federal court," – here, the petitioner – "carries the burden of proving its existence."[1] Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (cleaned up). "The pleading standard for satisfying the factual predicates for proving

---

[1] The Federal Rules of Civil Procedure apply to habeas corpus proceedings. See Fed. R. Civ. P. 81(a)(4).

jurisdiction is the same as applies under Rule 12(b)(6) – that is, the [petitioner] must state a claim to relief that is plausible on its face." Labor Relations Div. of Constr. Indus. of Mass., Inc. v. Healey, 844 F.3d 318, 326 (1st Cir. 2016) (quotations and citation omitted). In determining whether the petitioner has met his burden, the court must "take as true all well-pleaded facts" in the complaint and "draw all reasonable inferences" in his favor. Fothergill v. United States, 566 F.3d 248, 251 (1st Cir. 2009).

Background

Richardson pleaded guilty to and was convicted of two charges in 2018: 1) attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) [2] and 2) carrying a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c). Doc. no. 1, ¶ 10. The sole predicate crime of violence for his conviction under § 924(c) was an attempted Hobbs Act robbery. Id. ¶ 16.

In 2019, Richardson filed a motion pursuant to § 2255 in the District Court for the District of Connecticut. Id. ¶ 6. In that case, he challenged his conviction on the ground that under then-existing authority, his Hobbs Act offense was not a predicate crime of violence for the purpose of supporting a conviction pursuant to § 924(c).[3] Id. The Connecticut court denied the motion. Richardson, 2021 WL 736416, at *14.

---

[2] "[T]he Hobbs Act proscribes conduct that 'in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do.'" United States v. Hernández-Román, 981 F.3d 138, 144 (1st Cir. 2020) (quoting 18 U.S.C. § 1951(a)).

[3] Richardson also challenged his conviction on other grounds that are not relevant to this case, including that his trial counsel was ineffective. See Richardson v. United States, No. 3:19-CV-01499 (MPS), 2021 WL 736416, at *1 (D. Conn. Feb. 25, 2021).

Subsequently, the Supreme Court decided United States v. Taylor, 596 U.S. 845 (2022). In that case, the Court expressly held that an attempted Hobbs Act robbery is not a "crime of violence" as that term is defined in 18 U.S.C. § 924(c)(3)(A).[4] Taylor, 596 U.S. at 851. In other words, the Supreme Court determined, based on an analysis of § 924(c), that an attempted Hobbs Act robbery could not serve as a predicate offense for a conviction under the statute.

Richardson, who is currently incarcerated in this district, brings the instant petition pursuant to § 2241 alleging that his conviction for violating § 924(c) is now invalid under Taylor. The warden moves to dismiss, arguing that the court lacks subject-matter jurisdiction.

Discussion

The warden contends that Richardson cannot bring his Taylor-based challenge pursuant to § 2241. The court agrees.

A "federal prisoner who collaterally attacks his sentence ordinarily must proceed by a motion in the sentencing court under § 2255, rather than by a petition for a writ of habeas corpus under § 2241." Jones, 599 U.S. at 469. After a prisoner has unsuccessfully challenged his sentence through a § 2255 motion, AEDPA limits the prisoner's ability to bring a second or successive motion under that statute. Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008). AEDPA permits such § 2255 motions only after a prisoner obtains prior authorization from the court of appeals, and when they rely on either "newly discovered evidence" or "a new rule of constitutional law." § 2255(h).

---

[4] 18 U.S.C. § 924(c)(3)(A) defines a "crime of violence" to mean "an offense that is a felony and . . . has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]"

Richardson wishes to challenge his conviction on a more favorable interpretation of statutory law and not on newly discovered evidence or a new, retroactively applicable rule of constitutional law. Thus, Richardson cannot file a second or successive motion pursuant to § 2255 and the court of appeals would not have authorized him to file such a motion. Instead, Richardson brought the instant § 2241 petition, invoking § 2255's savings clause. That provision, which is contained in § 2255(e), enables a federal prisoner to proceed under § 2241 when a § 2255 motion would be "inadequate or ineffective to test the legality of his detention."

The warden argues in his motion to dismiss that a prisoner's inability to meet the gatekeeping requirements for bringing a second or successive § 2255 motion renders the prisoner's claim unsuccessful but does not make a motion pursuant to that statute "inadequate or ineffective" to challenge a conviction. He contends that, therefore, Richardson cannot invoke § 2255's savings clause to pursue his statutory challenge through a § 2241 petition.

The Supreme Court recently addressed the warden's argument in Jones. There, the Court held "that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Jones, 599 U.S. at 471. As the Supreme Court explained:

> We now hold that the saving clause does not authorize such an end-run around AEDPA. In § 2255(h), Congress enumerated two – and only two – conditions in which a second or successive § 2255 motion may proceed. Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied.

Id. at 477-78. The Court further explained that "[t]he inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case." Id. at 480. Under Jones, therefore, this court lacks subject-matter

4

jurisdiction to consider Richardson's § 2241 petition.  See id. at 471 (affirming dismissal of § 2241 petition for lack of subject-matter jurisdiction).

In his objection to the warden's motion. Richardson argues that Jones does not support the dismissal of this action because the Supreme Court had not yet decided the case when he filed his § 2241 petition and Jones "is not retroactive." Doc. no. 5 at 3-4. In a recent case with nearly identical facts, this court rejected that argument, noting that a court must dismiss an action if it determines at any time that it lacks subject-matter jurisdiction. Cabo v. Warden, FCI Berlin, No. 23-CV-66-JL, 2024 WL 734180, at *3 (D.N.H. Jan. 18, 2024), report and recommendation approved sub nom. Cabo v. FCI Berlin, Warden, No. 23-CV-66-JL-AJ, 2024 WL 730483 (D.N.H. Feb. 22, 2024).

Richardson's belief that he could collaterally attack his conviction based on a change in the relevant law is understandable. However, the Supreme Court's decision in Jones directly addresses the issue raised in the warden's motion and requires dismissal of this case. Because the court lacks subject-matter jurisdiction over Richardson's § 2241 petition, the warden's motion is granted.

Conclusion

For the foregoing reasons, the warden's motion to dismiss (doc. no. 4) is granted. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

March 6, 2024
cc:  Shaquille Richardson, pro se
    Counsel of Record.

5