# United States Court of Appeals
## For the First Circuit

No. 06-1613

JAMES W. DAVISON, M.D., ANA VICTORIA DAVISON,
and THE CONJUGAL PARTNERSHIP FORMED BY THEIR MARRIAGE,

Plaintiffs, Appellants,

v.

THE GOVERNMENT OF PUERTO RICO - PUERTO RICO FIREFIGHTERS CORPS;
GERMÁN OCASIO-MORALES, in his individual capacity and as
the Fire Chief of the Puerto Rico Firefighters Corps;
FULANA DE TAL, his wife; and THE CONJUGAL PARTNERSHIP
FORMED BY THE MARRIAGE OF GERMÁN OCASIO AND FULANA DE TAL;
THE HOMEOWNERS ASSOCIATION (Junta de Titulares) OF THE
BELÉN CONDOMINIUM; THE BOARD OF DIRECTORS OF THE BELÉN
CONDOMINIUM, and VÍCTOR RODRÍGUEZ, in his individual
capacity and as the Administrator for the Board of Directors
of the Belén Condominium,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Torruella, Circuit Judge,
Baldock,[*] Senior Circuit Judge,
and Howard, Circuit Judge.

Stuart A. Weinstein-Bacal, with whom Peter W. Miller, José A.
Cabiya-Morales and Weinstein-Bacal & Miller, P.S.C. were on brief,
for appellants.
Leticia Casalduc-Rabell, Assistant Solicitor General,

---

[*] Of the Tenth Circuit, sitting by designation.

Department of Justice, with whom <u>Salvador J. Antonetti-Stutts</u>, Solicitor General, <u>Mariana Negrón-Vargas</u>, Deputy Solicitor General, <u>Maite D. Oronoz-Rodríguez</u> were on brief, for appellees The Commonwealth of Puerto Rico, Puerto Rico Firefighters Corps and Germán Ocasio-Morales, in his official and individual capacity.

<u>Saulo Abad Vélez-Ríos</u>, with whom <u>Saulo A. Vélez-Ríos Law Office</u> was on brief, for appellees The Homeowners Association of the Belén Condominium, The Board of Directors of the Belén Condominium, and Víctor Rodríguez, in his individual capacity and as the Administrator for the Board of Directors of the Belén Condominium.

---

December 12, 2006

---

**TORRUELLA**, <u>Circuit Judge</u>.  Plaintiffs-appellants James W. Davison, his wife, Ana Victoria Davison, and the conjugal partnership formed by their marriage (collectively "Plaintiffs") appeal the district court's dismissal of their due process and equal protection claims against the various defendants for lack of subject matter jurisdiction.  We affirm the district court's decision that the <u>Rooker</u>-<u>Feldman</u> doctrine deprives the lower federal courts of subject matter jurisdiction over this case.

## I.  **The Saga of the Terrace**

The district court's opinion below lays out the excruciating details of the ten-year battle over a terrace now owned by Plaintiffs.[1]  <u>Davison</u> v. <u>Puerto Rico Firefighters Corps</u>, 415 F. Supp. 2d 33, 35-38 (D.P.R. 2006).  We will not repeat the entire story.  Suffice it to say that the parties have long been embroiled in a nasty dispute over the existence, location, and characteristics of a common fire corridor across Plaintiff's allegedly private terrace.

The relevant chapters of the epic story for our purposes concern the Plaintiff's trips to state court.  On May 3, 2001, Plaintiffs appealed the Puerto Rico Firefighters Corps' ("PRFC") reinstatement of a May 10, 2000 order requiring a five-foot corridor around the perimeter of the terrace, to be blocked off by

---

[1]  Plaintiffs initially played the role of lessee in the dispute, but eventually chose to purchase the condominium unit despite the controversy.

a nine-foot Plycem wall. On September 21, 2001, the Puerto Rico Court of Appeals ruled that Plaintiffs' appeal was untimely and upheld the order. The same court affirmed its decision on October 25, 2001, after the Plaintiffs asked the court to reconsider.

A year later, Plaintiffs having taken no steps to comply with the PRFC order, the Solicitor General of Puerto Rico asked a local trial court to force Plaintiffs to comply. In response, Plaintiffs challenged the Court of Appeals' affirmation of the order. The trial court refused to hear Plaintiffs' challenge on the grounds that it was foreclosed by res judicata. Plaintiffs appealed this decision all the way to the Puerto Rico Supreme Court, which on December 10, 2004 denied their petition and on January 28, 2005 denied their request for reconsideration. Plaintiffs were eventually held in contempt of court for not complying with the order, although as of the time of this appeal, the required work was well underway, as evidenced by the photographic exhibits accompanying Plaintiffs' counsel at oral argument.

## II. Discussion

Plaintiffs appeal the district court's decision to dismiss their equal protection and due process claims on the basis of the Rooker-Feldman doctrine. They also claim that the district court erred in dismissing the case without addressing whether the

defendants politically discriminated against Plaintiffs. We review a dismissal for lack of subject matter jurisdiction de novo, "accepting the plaintiffs' well-pleaded facts as true and indulging all reasonable inferences to their behoof." McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir. 2006).

### A. Rooker-Feldman Doctrine

What has become known as the Rooker-Feldman doctrine arose from the Supreme Court's decisions in two cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). In both of these cases, state-court losers instituted federal suits complaining of injuries caused by the state-court judgments rendered against them and asking the federal courts to review and reject those judgments. The Supreme Court held that district courts did not have the authority to review final judgments of state courts; only the Supreme Court has that power. Feldman, 460 U.S. at 482.

In Exxon Mobil Corp. v. Saudi Basic Industries Corp., the Supreme Court reined in the lower courts' application of Rooker-Feldman, limiting the doctrine to the those kinds of cases from which the doctrine derived. 544 U.S. 280, 284 (2005). Post-Exxon, the lower courts cannot rely on Rooker-Feldman to dismiss a case unless, inter alia, the federal plaintiff seeks redress of an injury caused by an allegedly erroneous state court decision; if the plaintiff alleges a constitutional violation by an adverse

-5-

party independent of the injury caused by the state court judgment, the doctrine does not bar jurisdiction. Id.; Todd v. Weltman, Weinberg & Reis Co., 434 F.3d 432, 437 (6th Cir. 2006) (reiterating that Rooker-Feldman does not apply when the Plaintiff complains of a wrong independent of injuries caused by a related state court judgment); Washington v. Wilmore, 407 F.3d 274, 280 (4th Cir. 2005) (holding that Rooker-Feldman does not apply when the plaintiff's "injury rests not on the state court judgment itself but rather on the alleged violation of his constitutional rights by [the defendant]").

Plaintiffs first assert that Rooker-Feldman should not apply because they have never had their day in court and thus have never been allowed to present any evidence or argue the merits of their case. Plaintiffs may not have actually argued the merits of their claims in state court, but to rule that Plaintiffs must be allowed a "day in court" would be to say that the Puerto Rico Court of Appeals was wrong in holding that Plaintiffs' initial appeal of the PRFC order was untimely and that the highest court in Puerto Rico was wrong in denying Plaintiffs' challenge to the same order on the grounds of res judicata. Rooker-Feldman squarely applies when a plaintiff insists that we must review and reject a final state court judgment.

Plaintiffs next directly challenge the conduct of the PRFC and the courts of Puerto Rico, which, they claim, the federal

courts may examine under the rubric of substantive due process. Their theory appears to be that <u>Rooker</u>-<u>Feldman</u> does not apply because their "truly horrendous" situation "peaked" well after Plaintiffs' initial appeal of the PRFC order -- during the enforcement battles over the order -- and therefore that their complaint is with the defendants' and the state courts' behavior after the 2001 Court of Appeals' judgment. Plaintiffs focus their challenge on the PRFC's vacillating orders beginning in 2001 and the state courts' refusal to hear Plaintiffs' challenge to the final order in 2004 and 2005. Plaintiffs' reasoning fails, however, because the only real injury to Plaintiffs is ultimately still caused by a state court judgment. Plaintiffs sought to challenge the PRFC's conduct and resultant order, but the highest state court in Puerto Rico refused to hear the challenge on the grounds of res judicata. The order was thus upheld, and this is the injury of which the Plaintiffs complain. To find for Plaintiffs now would require us to declare that the state court wrongly decided Plaintiffs' claim. The <u>Rooker</u>-<u>Feldman</u> doctrine prevents us from doing this. As the district court noted, the proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment. <u>Davison</u>, 415 F. Supp. 2d at 40 n.3.

### B. Political Discrimination Claim

Plaintiffs' other argument on appeal is that the district court erred in dismissing the case in its entirety before ruling on their political discrimination claim. This argument fails at the onset because Plaintiffs' Complaint did not include any First Amendment claims on which to premise the error. Rather, the first mention of a potential political discrimination issue occurred in a footnote of the district court's opinion, when it "surmise[d] that Plaintiffs' equal protection claim [was] meant as a charge of political discrimination." Id. at 38 n.2. The district court did not decide the issue because it was never raised.

## III. Conclusion

For the reasons stated above, we affirm the district court's dismissal of Plaintiffs' equal protection and due process claims. Plaintiffs never asserted a First Amendment political discrimination challenge, and therefore the district court did not err in failing to rule on the issue. We hope our ruling finally brings to an end the ten-year saga of the unwitting terrace.

**Affirmed**.