**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-1432**

———————

MARGUERITE EVANS WILLNER; MICHAEL A. WILLNER,

                                    Plaintiffs - Appellants,

        versus

JOHN T. FREY, Clerk, Fairfax County Circuit
Court,

                                    Defendant - Appellee,

COMMONWEALTH OF VIRGINIA,

                                    Intervenor.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  T. S. Ellis, III, District
Judge.  (1:05-cv-01315-TSE)

———————

Submitted:  July 31, 2007          Decided:  August 3, 2007

———————

Before WILLIAMS, Chief Judge, and MICHAEL and GREGORY, Circuit
Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Richard E. Gardiner, Fairfax, Virginia, for Appellants.  Jack L.
Gould, Fairfax, Virginia, for Appellee.  Robert F. McDonnell,
Attorney General of Virginia, William E. Thro, State Solicitor
General, Stephen R. McCullough, Deputy State Solicitor General,
William C. Mims, Chief Deputy Attorney General, OFFICE OF THE

ATTORNEY GENERAL, Richmond, Virginia, for the Commonwealth of Virginia, Intervenor.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The appellants, Marguerite and Michael Willner, brought this action in federal court after losing a portion of their real property in adverse possession litigation in state court. The district court dismissed the Willners' complaint, holding that it did not have jurisdiction as a result of the Rooker-Feldman doctrine. We affirm.

I.

In 1989 the Willners acquired title to approximately eleven acres along the Potomac River in Fairfax County, Virginia. In 2002 the Willners' neighbor, Eugene Leggett, brought an ejectment action pursuant to Va. Code § 8.01-236 in the Fairfax County Circuit Court (Fairfax I), alleging that he had acquired an ownership interest in a portion of the Willners' property through adverse possession. The state court determined that Leggett had satisfied the elements of adverse possession and ordered title of the disputed land transferred to Leggett. John T. Frey, the Clerk of the Fairfax County Circuit Court, recorded the court's final order in the county's land records. The Willners' petition for appeal to the Supreme Court of Virginia was denied.

The Willners then filed a civil suit in Fairfax County Circuit Court against the Commonwealth of Virginia (Fairfax II). The complaint alleged that the Commonwealth took their property for

3

a private use and without compensation and that the taking deprived them of due process of law, in violation of Article I, § 11 of the Virginia Constitution.  The complaint also stated that the Willners "reserve the right to all claims over which subject matter presently lies, or which may later become ripe, in the courts of the United States."  J.A. 9.  The Fairfax County Circuit Court dismissed the complaint with prejudice, holding that Virginia's adverse possession law did not violate the Virginia Constitution. The court refused "to comment on any federal implications."  J.A. 48c.

The Willners then moved to suspend or vacate the state court judgment in Fairfax II while they pursued their federal takings and due process claims in federal court, or in the alternative, for leave to amend their complaint to include federal claims.  The Fairfax County Circuit Court denied the motion.  The Willners appealed to the Supreme Court of Virginia.

Two days before filing the notice of appeal to the Virginia Supreme Court, the Willners filed this action in the U.S. District Court for the Eastern District of Virginia against John Frey, the Fairfax County Circuit Clerk.  The Willners sought (1) a declaration that the disputed property was taken by Frey, acting in his official capacity, in violation of the Takings Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States; (2) a declaration that Va. Code § 8.01-236, as applied to

4

the Willners, violated their right to due process and equal protection under the Fourteenth Amendment; and (3) an injunction directing Frey to remove the final order in Fairfax I from the land records of Fairfax County.

The district court dismissed the Willners' complaint, holding that the Rooker-Feldman doctrine prevented the court from exercising subject matter jurisdiction. It held in the alternative that the Willners' claim for relief was barred by the Commonwealth of Virginia's sovereign immunity and by Frey's derivative absolute judicial immunity. The Willners filed a timely appeal, and we review the district court's dismissal for lack of jurisdiction de novo, see Davani v. Virginia Dep't of Transp., 434 F.3d 712, 715 (4th Cir. 2006).

II.

The Rooker-Feldman doctrine "prevents 'a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court.'" Henrichs v. Valley View Dev., 474 F.3d 609, 611 (9th Cir. 2007) (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994)).[*] District courts cannot review final state court judgments because

---

[*]The Rooker-Feldman doctrine is named after two Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

5

Congress has vested appellate jurisdiction over state court decisions with the United States Supreme Court. See 28 U.S.C. § 1257(a). Thus, a party seeking review of a state court decision must first appeal to the highest court of the state and then seek a writ of certiorari from the United States Supreme Court. The Rooker-Feldman doctrine prevents losers in state court from bypassing this appeal process by seeking review in federal district court.

The Supreme Court has recently narrowed the scope of the doctrine, holding that it applies only when the following conditions are met: (1) the federal court plaintiff lost in state court; (2) the plaintiff complains of "injuries caused by state-court judgments;" (3) the state court judgment became final before the proceedings in federal court commenced; and (4) the federal plaintiff "invit[es] district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see also Lance v. Dennis, 126 S. Ct. 1198, 1201 (2006) (emphasizing the "narrowness" of the doctrine). Rooker-Feldman does not apply when the plaintiff alleges a constitutional violation independent of the injury caused by the state court judgment. Davani, 434 F.3d at 718-19; Davison v. Gov't of Puerto Rico, 471 F.3d 220, 222 (1st Cir. 2006).

The district court correctly concluded that Rooker-Feldman bars jurisdiction in this case. First, the plaintiffs (the

6

Willners) lost in the Fairfax I state court proceeding. Second, the alleged injury, the unconstitutional taking of their property, was caused by the Fairfax I judgment. See J.A. 33 (alleging that "title to the [Willners' property] has been coercively transferred by the State from the Willners to the Leggetts not for a public use"). Third, the Fairfax I decision became final before the proceedings were commenced in district court. Finally, the Willners' complaint in federal court would require "re-examination of the Fairfax County Circuit Court's application of the statute [Va. Code § 8.01-236] in Fairfax I." J.A. 18.

The Willners urge us to construe their federal complaint as raising an independent claim that would not be barred by Rooker-Feldman. They assert that their claim is "based on a violation of their constitutional rights by Frey and the consequence of the state court judgment -- not the state court judgment itself." Appellants' Br. at 13. The Willners argue that their "complaint cannot reasonably be construed as inviting the district court to reject the state court judgment" because the state court did not rule on the issue raised in district court. Id. at 15.

These arguments are without merit. "[A] federal plaintiff cannot escape the Rooker-Feldman bar simply by relying on a legal theory not raised in state court." Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 87 (2d Cir. 2005); see also Davani, 434 F.3d at 719 (stating that Rooker-Feldman applies "even

7

if the state-court loser did not argue to the state court the basis of recovery that he asserts in the federal district court").  In addition to direct challenges to state court judgments, the Rooker-Feldman doctrine prevents plaintiffs from raising issues in federal court that are so "inextricably intertwined" with a state court judgment that they would require the district court to review the state court's ruling.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 n.16 (1983).  As this court recently explained, the key inquiry is not whether the state court ruled on the precise issue raised in federal court, but whether the "state-court loser who files suit in federal court seeks redress for an injury caused by the state-court decision itself."  Davani, 434 F.3d at 718.  Here, the Willners state that they were injured because the Fairfax I court applied Virginia's statute on adverse possession in a way that resulted in an unconstitutional taking of their property.  Indeed, the relief requested, an injunction ordering Frey to remove the state court's final order from the county's land records, leaves little doubt that the Willners want the district court to reverse the state court's judgment.

The Willners' argument that the injury was caused by Frey, not the state court, is also meritless.  "[I]f a third party's actions are the product of a state court judgment, then a plaintiff's challenge to those actions are in fact a challenge to the judgment itself."  McCormick v. Braverman, 451 F.3d 382, 394

8

(6th Cir. 2006). The state court's issuance of the final order in _Fairfax I_ triggered Frey's duty to enter that order in the county's land records. The Willners thus complain of an injury caused by the state court. _See also_ _McKithen v. Brown_, 481 F.3d 89, 97 (2d Cir. 2007) ("[A] federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment.").

In sum, the district court correctly determined that it lacked jurisdiction over the Willners' claim that the state court's judgment violated their constitutional rights. Accordingly, we do not consider the district court's alternate holdings that the Willners' claim was barred by the Commonwealth's sovereign immunity and by Frey's derivative absolute judicial immunity. The district court's order dismissing the Willners' federal complaint is

AFFIRMED.

9