# United States Court of Appeals
## For the First Circuit

No. 16-2276

AIDA GORDO-GONZÁLEZ,

Plaintiff, Appellant,

v.

UNITED STATES OF AMERICA,

Defendant, Appellee.


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]


Before

Barron, Selya and Lipez,
Circuit Judges.

José R. Olmo-Rodríguez on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Mainon A. Schwartz, Assistant United States Attorney, on brief for appellee.

October 3, 2017

**SELYA**, **Circuit Judge**.  Plaintiff-appellant Aida Gordo-González asserts that her then-husband, an agent of the Federal Bureau of Investigation (FBI), used surveillance equipment belonging to his employer to keep tabs on her during their marriage.  Employing this assertion as a fulcrum, she sued the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680.  She alleged that the FBI had negligently supervised her then-husband's use of its surveillance equipment, thus enabling his invasion of her privacy.

In a thoughtful rescript, the district court dismissed the suit for want of subject-matter jurisdiction.  Gordo-González v. United States, No. 15-cv-1602 (D.P.R. July 22, 2016) (unpublished).  After careful consideration, we agree that the FTCA's discretionary function exception applies and, therefore, that the government has not waived its sovereign immunity. Accordingly, we affirm.

We draw the facts from the plaintiff's complaint.  See Muñiz-Rivera v. United States, 326 F.3d 8, 11 (1st Cir. 2003). Sometime during the marriage between the plaintiff and her former husband (an FBI agent), the plaintiff discovered that he had used FBI equipment, including GPS devices and video recording paraphernalia, to monitor her whereabouts and activities.  Shortly after making this disturbing discovery, she instituted divorce proceedings.

Once divorced, the plaintiff sued the United States under the FTCA. Her barebones complaint alleged that her ex-husband had improperly used equipment belonging to the FBI and that his superiors were negligent in failing to supervise him adequately, thus allowing him to engage in the inappropriate surveillance.[1] The government moved to dismiss the complaint for, inter alia, lack of subject-matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). The district court granted the motion. See Gordo-González, slip op. at 5. This timely appeal followed.

Where, as here, a dismissal for want of jurisdiction is based solely on the complaint, we accept "the well-pleaded factual averments contained therein and indulg[e] all reasonable inferences in the [plaintiff's] favor." Muñiz-Rivera, 326 F.3d at 11. In that posture, this court affords de novo review to the district court's order of dismissal. See Limone v. United States, 579 F.3d 79, 101 (1st Cir. 2009).

Here, however, a special gloss applies. It is a bedrock rule that a party seeking to invoke the jurisdiction of a federal court must bear the burden of demonstrating the existence of such jurisdiction. See Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995). "The pleading standard for satisfying the factual

---

[1] The plaintiff has acknowledged that the government is not vicariously liable for her former husband's conduct outside the scope of his employment. Consequently, that issue is not before us.

- 3 -

predicates for proving jurisdiction is the same as applies under Rule 12(b)(6) — that is, the plaintiff[] must 'state a claim to relief that is plausible on its face.'" Labor Relations Div. of Constr. Indus. of Mass., Inc. v. Healey, 844 F.3d 318, 326-27 (1st Cir. 2016) (quoting Román-Oliveras v. P.R. Elec. Power Auth., 655 F.3d 43, 45 n.3, 49 (1st Cir. 2011)). As a result, an order granting a motion to dismiss at the pleading stage is appropriate only when the facts adumbrated in the plaintiff's complaint, taken at face value, fail to bring the case within the court's subject-matter jurisdiction. See Muñiz-Rivera, 326 F.3d at 11.

In applying this standard in the case at hand, sovereign immunity looms large. "It is beyond cavil that, as the sovereign, the United States is immune from suit without its consent." Muirhead v. Mecham, 427 F.3d 14, 17 (1st Cir. 2005). Of course, the FTCA is one instance of such consent; it waives the sovereign immunity of the United States with respect to certain torts committed by federal employees acting within the scope of their employment. See Bolduc v. United States, 402 F.3d 50, 55 (1st Cir. 2005). At the same time, the FTCA gives federal courts jurisdiction over such claims. See id.

Even so, the FTCA is not a silver bullet for would-be plaintiffs. "As with all waivers of sovereign immunity," the FTCA must be strictly construed in favor of the government. Id. at 56 (citing United States v. Horn, 29 F.3d 754, 762 (1st Cir. 1994)).

Moreover, this particular waiver is subject to a gallimaufry of exceptions. See 28 U.S.C. § 2680(a)-(n). Accordingly, a complaint can survive a motion to dismiss only if it contains sufficient facts to demonstrate that the FTCA applies to the claims asserted and that none of the FTCA's manifold exceptions is apposite.

In this instance, the district court deemed the discretionary function exception, see 28 U.S.C. § 2680(a), to be dispositive. We begin our analysis there. Under the discretionary function exception, the United States does not waive sovereign immunity for any tort that arises from "the exercise or performance or the failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved be abused." Id. Courts have used a familiar analytic framework in determining whether Congress intended to shield particular conduct from liability under this exception. See, e.g., Fothergill v. United States, 566 F.3d 248, 252 (1st Cir. 2009). An inquiring court must first identify the conduct giving rise to the claim asserted and then determine whether that conduct can fairly be characterized as discretionary. See id.[2] Once this hurdle is cleared, it remains for the court to determine whether the exercise of the discerned

---

[2] This taxonomy excludes actions prohibited by federal statutes, regulations, or policies. See Berkovitz ex rel. Berkovitz v. United States, 486 U.S. 531, 535-36 (1988). Virtually by definition, such actions cannot be classified as "discretionary."

discretion "is susceptible to policy-related judgments." Bolduc, 402 F.3d at 60; see Irving v. United States, 162 F.3d 154, 162 (1st Cir. 1998). In fine, section 2680(a) will strip a court of subject-matter jurisdiction only if the challenged conduct is both discretionary and policy-driven. See Bolduc, 402 F.3d at 60.

Against this backdrop, we turn to the plaintiff's complaint. The plaintiff submits that paragraph 16 of the complaint identifies the challenged governmental conduct. That paragraph states: "The employees of the US in charge of supervising [the plaintiff's ex-husband], and the use that he gave to the special equipment provided to him, were negligent by failing to supervise him adequately, thereby allowing him to make inappropriate use of said equipment." In short, the challenged conduct is the FBI's negligent failure to supervise the ex-husband's inappropriate actions.

The question reduces, then, to whether this challenged conduct can fairly be said to be discretionary. See Berkovitz ex rel. Berkovitz v. United States, 486 U.S. 531, 536 (1988). The plaintiff points to no federal statute, regulation, or policy that dictates any specific supervisory actions that her ex-husband's superiors were required to take. Cf. Sheridan v. United States, 487 U.S. 392, 401 (1988) (concluding that where naval hospital had specific regulations prohibiting possession of firearms and requiring all personnel to report presence of firearms, United

States could be held liable under FTCA when officers encountered armed man and failed to report him).

To be sure, in her opposition to the government's motion to dismiss, the plaintiff did cite to a regulation, namely, 5 C.F.R. § 2635.704(a). This regulation imposes a general duty on all federal employees to refrain from using government property (and not to allow others to use government property) for any unauthorized purpose. Although this regulation does "intimate that [agency officials] are under an obligation" not to countenance unauthorized use of FBI equipment by subordinates, it does not purport to "direct the manner in which the supervision is to be carried out." Muñiz-Rivera, 326 F.3d at 16. Nor does it necessitate the taking of any specific action that the plaintiff plausibly might contend would have prevented her ex-husband's misuse of FBI equipment. The bottom line, then, is that the plaintiff has identified no law, regulation, or other requirement that bears upon how those who were managing the agency should have supervised her ex-husband. Nor has the plaintiff identified any law, regulation, or other requirement that somehow tied the FBI's hands in any relevant respect.[3] See Fothergill, 566 F.3d at 253.

---

[3] We note that the plaintiff sought leave to undertake discovery in an effort to identify such a statute or rule. Litigants, though, are not entitled to use pretrial discovery to find out if they have a cause of action. See Mills v. Maine, 118 F.3d 37, 50-51 (1st Cir. 1997). Here, moreover, the information that the plaintiff sought was primarily a matter of public record.

It follows inexorably, as night follows day, that the challenged conduct is discretionary.

This brings us to the final step of the inquiry: determining whether the discretion enjoyed by FBI hierarchs with respect to the supervision of agents "is of the type and kind that Congress sought to safeguard through the discretionary function exception."  Fothergill, 566 F.3d at 253 (citing United States v. Gaubert, 499 U.S. 315, 322-23 (1991)).  By its very nature, supervision is an ad hoc exercise, sensitive to policy considerations, the type of work being performed, and the experience and training of those performing that work.  It almost always demands flexibility.  See Attallah v. United States, 955 F.2d 776, 784 (1st Cir. 1992) (concluding that "how, and to what extent the [agency] supervises its employees certainly involves a degree of discretion and policy considerations of the kind that Congress sought to protect through the discretionary function exception").  So it is here.

This view is consistent with our earlier conclusion that "the development and management of a supervisory model is a matter of agency discretion" and involves "an unrestrained balancing of

_____

A decision whether to grant or deny discovery before deciding jurisdictional issues rests within the district court's wide discretion.  See Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 38 (1st Cir. 2000).  We discern no abuse of that wide discretion with regard to the district court's denial of the plaintiff's request for discovery.

- 8 -

incommensurable values."  Bolduc, 402 F.3d at 60-61 (internal quotation marks omitted).  Inherent in the performance of supervisory tasks are considerations of policy, a balancing of competing interests, and careful decisionmaking regarding the level of micro-management of one's subordinates.  Given these realities, we have no hesitancy in holding that the conduct at issue here falls squarely within the maw of the discretionary function exception.  Therefore, the FTCA does not effect a waiver of the federal government's sovereign immunity in the circumstances of this case.

Let us be perfectly clear.  There may be times when supervisory conduct is non-discretionary, such that the FTCA's waiver of sovereign immunity is unimpaired.  See, e.g., Sheridan, 487 U.S. at 401.  But without pleading specific facts sufficient to show that the challenged conduct did not involve a discretionary function, the plaintiff cannot lay claim to the FTCA's waiver of sovereign immunity.

We need go no further.  For the reasons elucidated above, the district court's order of dismissal for want of subject-matter jurisdiction is

**Affirmed.**