# United States Court of Appeals
## For the First Circuit

No. 17-1916

JEANNE M. KLIMOWICZ,

Plaintiff, Appellant,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as indenture trustee for
New Century Home Equity Loan Trust 2005-1 ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Timothy S. Hillman, U.S. District Judge]

Before

Lynch, Selya, and Thompson,
Circuit Judges.

Mark Ellis O'Brien on brief for appellant.
Shawn M. Masterson and Shapiro Dorry Masterson, LLC on brief
for appellees.

October 19, 2018

**SELYA**, **Circuit Judge**.  In this appeal, we are asked to revisit a case in which the plaintiff fought tooth and nail in the Massachusetts state courts and lost.  Displeased by the result of the state-court proceedings, she repaired to the federal district court and sought to have that court address essentially the same grievances.  The district court rejected her importunings, and the plaintiff now appeals.  Concluding, as we do, that Supreme Court case law divests federal courts of subject-matter jurisdiction in such circumstances, see D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923), we affirm the district court's order of dismissal.

In as much as this appeal follows the granting of a motion to dismiss before the filing of any responsive pleading, we draw the relevant facts from the plaintiff's complaint, supplemented by matters of public record and matters susceptible to judicial notice.  See Banco Santander de P.R. v. Lopez-Stubbe (In re Colonial Mortg. Bankers Corp.), 324 F.3d 12, 14-15 (1st Cir. 2003).  Even though the facts are convoluted and the case has been litigated in one form or another for many years, the controlling legal issue is straightforward.  Consequently, a sketch of the relevant events and travel of the case will serve to put the appeal into focus.

In December of 2004, plaintiff-appellant Jeanne M. Klimowicz executed a mortgage in favor of New Century Mortgage

Company (New Century) for real estate that she owned in Fitchburg, Massachusetts. On or about May 24, 2006, the plaintiff filed for protection under the United States Bankruptcy Code. Her filing was converted to a Chapter 7 bankruptcy proceeding. See 11 U.S.C. §§ 701-784. As part of that proceeding, she challenged the validity of the New Century mortgage. This challenge proved futile: the bankruptcy court dismissed it because the plaintiff failed to serve New Century properly.

One year later, New Century itself filed for bankruptcy. It was liquidated in due course, and the plaintiff's mortgage was assigned to defendant-appellee Deutsche Bank National Trust Company (Deutsche Bank). Thereafter, the plaintiff defaulted on her payment obligations under the mortgage.

In response to the plaintiff's default, Deutsche Bank petitioned in the Massachusetts Land Court, seeking to foreclose on the mortgaged property. The Land Court entered a final judgment of foreclosure, after which Deutsche Bank proceeded to arrange a foreclosure sale. Deutsche Bank proved to be the highest bidder at the foreclosure sale and became the record owner of the property.

Deutsche Bank then commenced a summary process action in the Worcester Housing Court, seeking to evict the plaintiff. In turn, the plaintiff filed a counterclaim. Well into the summary process action, the plaintiff introduced a new argument: she moved

to amend her counterclaim so as to challenge the validity of the mortgage assignment. This strategy came to naught, as the Housing Court denied her motion.

Following lengthy motion practice and other skirmishing in the summary process action, the Housing Court — on January 14, 2016 — entered a final judgment awarding possession of the property to Deutsche Bank. The plaintiff appealed, but her appeal was dismissed for failure to post the required bond.

Roughly five months after the conclusion of the summary process action, the plaintiff sought another bite of the cherry. Invoking diversity jurisdiction, see 28 U.S.C. § 1332(a), she filed a civil action against Deutsche Bank in the United States District Court for the District of Massachusetts.[1] In her complaint, the plaintiff alleged claims for wrongful foreclosure, violation of the Massachusetts consumer protection statute, Mass. Gen. Laws ch. 93A, § 9(1), breach of the covenant of good faith and fair dealing, and negligent infliction of emotional distress. Deutsche Bank moved to dismiss. The district court granted Deutsche Bank's motion, concluding, inter alia, that the Rooker-Feldman doctrine deprived the federal courts of subject-matter jurisdiction. This timely appeal followed.

---

[1] The plaintiff's suit also named a mortgage servicing company as a defendant. That company is not a party to this appeal, and we make no further mention of it.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Consequently, a plaintiff who seeks to bring her suit in a federal forum bears the burden of establishing that the federal court has subject-matter jurisdiction. See Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017). The court below found that the plaintiff's federal suit stumbled over this first step — and upon de novo review, see id., we agree.

We need not tarry. In assessing the plaintiff's claims, the district court offered a thoughtful explanation of the Rooker-Feldman doctrine. See Klimowicz v. Deutsche Bank Nat'l Tr. Co., 264 F. Supp. 3d 309, 314-16 (D. Mass. 2017). Deeming that doctrine dispositive, the court concluded that dismissal was appropriate. See id. at 315. We explain briefly why this conclusion was manifestly correct (and, therefore, do not discuss the district court's alternative ground for dismissal).

The Rooker-Feldman doctrine preserves the Supreme Court's exclusive jurisdiction over "appeals from final state-court judgments," Lance v. Dennis, 546 U.S. 459, 463 (2006) (per curiam), by divesting lower federal courts of jurisdiction to hear certain cases brought by parties who have lost in state court, see Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291-93 (2005); Coggeshall v. Mass. Bd. of Regist. of Psychologists, 604 F.3d 658, 663 (1st Cir. 2010). Specifically, the doctrine

- 5 -

applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments [that were] rendered before the district court proceedings commenced and invit[e] district court review and rejection of those judgments." Exxon Mobil, 544 U.S. at 284.

In the case at hand, the record makes manifest that the plaintiff was the losing party in both the Land Court and the Housing Court. It is equally clear that the plaintiff's federal action pertains to injuries allegedly caused by those state-court judgments. In her federal suit, the plaintiff seeks to challenge the validity of both the foreclosure and the mortgage assignment — matters falling squarely within the compass of the state-court judgments. Specifically, the foreclosure was ordered by the Land Court and the plaintiff's challenge to the mortgage assignment was rejected by the Housing Court.

Nor can the plaintiff evade the reach of the Rooker-Feldman doctrine by artful pleading. For instance, the plaintiff alleges that Deutsche Bank violated the Massachusetts consumer protection statute by engaging in "unfair and deceptive practices." But the challenged practices implicate the Housing Court's judgment because they relate directly to the mortgage assignment. So, too, the plaintiff alleges a breach of the covenant of good faith and fair dealing, but this allegation, like the plaintiff's claim of negligent infliction of emotional

- 6 -

distress, is premised on Deutsche Bank's "wrongfully acquir[ing] title to the mortgage of the subject property through a pattern of intentional fraudulent conduct." Although the quoted language from the complaint does not expressly mention the Housing Court's judgment, the plaintiff attempted to raise this very issue through a proposed amendment to her counterclaim in the Housing Court action. The Housing Court denied her motion and, given that ruling, it is luminously clear that the plaintiff's current grievances implicate the Housing Court's judgment. See Davison v. Gov't of P.R. - P.R. Firefighters Corps., 471 F.3d 220, 223 (1st Cir. 2007) (applying Rooker-Feldman doctrine when "the only real injury to Plaintiffs is ultimately still caused by a state court judgment").

The plaintiff's claim of wrongful foreclosure fares no better. That claim is for an injury which necessarily stems from the final judgment of foreclosure entered by the Land Court. Indeed, foreclosure of the property was the central issue litigated in the Land Court action. No more is exigible to bring the Rooker-Feldman doctrine into play. Cf. Puerto Ricans for P.R. Party v. Dalmau, 544 F.3d 58, 68 (1st Cir. 2008) (finding Rooker-Feldman doctrine inapplicable when "core issues" raised in federal action concerned matters distinct from state-court judgment).

Similarly, the timing and the finality of the state-court judgments fit the contours of the Rooker-Feldman doctrine.

As long as a state-court suit has reached a point where neither party seeks further action in that suit, then "the state proceedings [are considered] ended" and the judgment is deemed sufficiently final to trigger the Rooker-Feldman doctrine. Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 24 (1st Cir. 2005) (quoting Exxon Mobil, 544 U.S. at 291). So it is here. The Land Court ended the foreclosure action on April 12, 2011, when it entered a final judgment. By the same token, the Housing Court brought the protracted summary process action to a close on January 14, 2016, when it entered a final judgment granting Deutsche Bank possession of the property.

To be sure, the plaintiff could have pursued an appeal of the Housing Court's judgment. She forfeited that opportunity, though, by neglecting to post the required appeal bond.[2] See Federación de Maestros de P.R., 410 F.3d at 24 (stating "if a lower state court issues a judgment and the losing party allows the time for appeal to expire, then the state proceedings have ended"). It was roughly five months after the entry of the Housing Court's judgment and a full five years after the entry of the Land Court's judgment that the plaintiff initiated her federal suit. Since all

_____

[2] The plaintiff did appeal the order requiring her to post an appeal bond, but her attorney failed to appear at the scheduled hearing before the Massachusetts Appeals Court. The Appeals Court nonetheless reviewed the Housing Court's refusal to waive the appeal bond and upheld the setting of bond.

the state-court proceedings ended well before the plaintiff commenced her federal suit, the federal suit was too late to elude the reach of the Rooker-Feldman doctrine.

The last piece of the puzzle requires us to consider whether the plaintiff, in bringing her federal suit, impermissibly invited the district court to review and reject one or more final state-court judgments. See Davison, 471 F.3d at 223. As we already have explained, the plaintiff's federal suit sought to vacate and set aside the Land Court's final judgment of foreclosure. In the same vein, the plaintiff's federal suit sought an injunction prohibiting any further post-foreclosure proceedings, which would include enjoining enforcement of the Housing Court's order granting Deutsche Bank possession of the property. The district court could grant such relief only by declaring — either explicitly or implicitly — that the state courts had wrongly decided the foreclosure action and/or the summary process action. Such remediation would necessarily invite the district court to review, reject, and reverse the state courts' rulings — an invitation that the Rooker-Feldman doctrine forbad the district court from accepting. See id.

The short of it is that the plaintiff exhorts the federal district court to find a wrongful foreclosure based on an invalid mortgage assignment. Such an exhortation cannot be honored: the Land Court already has ruled definitively on the foreclosure issue

and the Housing Court already has ruled definitively on the mortgage-assignment issue.

The plaintiff has a fallback position. She submits that her federal claims are based on legal theories not presented in the state courts and, thus, should be allowed to proceed. This is magical thinking: a plaintiff cannot escape the Rooker-Feldman bar through the simple expedient of introducing a new legal theory in the federal forum that was not broached in the state courts. See Miller v. Nichols, 586 F.3d 53, 59 n.2 (1st Cir. 2009) (citing Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 87 (2d Cir. 2005)). Put simply, a federal court's application of the Rooker-Feldman doctrine is not contingent upon an identity between the issues actually litigated in the prior state-court proceedings and the issues proffered in the subsequent federal suit. See Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 33 (1st Cir. 2004). Instead, the critical datum is whether the plaintiff's federal suit is, in effect, an end-run around a final state-court judgment. See Federación de Maestros de P.R., 410 F.3d at 24 (stating that "a federal suit seeking an opposite result [from a final state court judgment] is an impermissible attempt to appeal the state judgment to the lower federal courts"). Because the plaintiff's federal suit seeks to invalidate the antecedent state courts'

judgments, the district court lacked jurisdiction to consider her newly minted legal theories.[3]

We need go no further.  The aphorist tells us that hope springs eternal, but litigation based on hope alone should not be allowed to proceed eternally.  This case illustrates the point. Refined to bare essence, the plaintiff is seeking, through her federal suit, to revisit a pair of state-court judgments that did not go her way.  The Rooker-Feldman doctrine blocks her path.

**Affirmed**.

---

[3] In all events, the plaintiff's theories are scarcely new.  For example, her federal suit seeks to question the validity of the mortgage assignment.  That very theory, though, was raised in her motion to amend her counterclaim in the Housing Court — a motion that was denied after briefing and argument.