# United States Court of Appeals
## For the First Circuit

No. 16-2316

OLGA TORRES; PEDRO BONILLA,

Plaintiffs, Appellants,

v.

BELLA VISTA HOSPITAL, INC.; BANCO POPULAR DE PUERTO RICO;
THE WATSON WYATT COMPANY; RUBÉN PERÉZ; JOHANA DOE 1;
CONJUGAL PARTNERSHIP PERÉZ-DOE 1,

Defendants, Appellees,

THE ANTILLIAN UNION CONFERENCE OF THE SEVEN DAY ADVENTIST; THE
RETIREMENT COMMITTEE OF THE GENERAL CONFERENCE OF THE SEVENTH
DAY ADVENTISTS INTERAMERICAN DIVISION; THE GENERAL CONFERENCE OF
THE SEVENTH DAY ADVENTIST; BELLA VISTA PENSION PLAN AND TRUST;
THE ADVENTIST OF THE SEVENTH DAY INTERAMERICAN DIVISION
RETIREMENT PLAN; BELLA VISTA HOSPITAL, INC. 401K PLAN AND TRUST;
PANNELL KERR & FOSTER, L.L.P.; MIGUEL RAMOS; JOHANA DOE;
CONJUGAL PARTNERSHIP RAMOS-DOE,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Howard, Chief Judge,
Boudin and Barron, Circuit Judges.

Luis A. Vivaldi Oliver on brief for appellants.
Carlos G. Martínez-Vivas on brief for appellees Bella Vista

Hospital, Inc.; Ruben Perez; Johana Doe 1; and Conjugal Partnership Perez-Doe 1.

Cristina S. Belaval-Burger on brief for appellee Banco Popular de Puerto Rico.

Juan A. Marqués-Díaz, Sonia M. López del Valle-Carrera, and McConnell Valdés LLC, on brief for appellee Watson Wyatt Company.

January 25, 2019

**BOUDIN**, **Circuit Judge**.  Olga Torres and Pedro Bonilla are former employees of Bella Vista Hospital ("Bella Vista"), a Mayaguez, Puerto Rico-based hospital operated by the General Conference of Seventh Day Adventist Church.  In 1982, the hospital created a pension program, advising its employees that the plan was subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461.  ERISA is a federal statute imposing obligations on private employers offering pension plans.  See Advocate Health Care Network v. Stapleton, 137 S. Ct. 1652, 1656 (2017).

Certain types of plans are exempt from ERISA's requirements, including plans which meet the statutory definition of "church plan," 29 U.S.C. § 1003(b)(2).  In 2000, the Internal Revenue Service, which is empowered to issue rulings to parties as to the status of their plans, advised Bella Vista that its pension plan met the definition of "church plan" and so was exempt from ERISA.  In 2003, Bella Vista terminated the plan.  Torres and Bonilla had become disabled some years earlier, and certain benefits they were receiving from the hospital ended.  In November 2006, Torres and Bonilla sued in federal district court in Puerto Rico to recover lost benefits.[1]

---

[1] Torres and Bonilla had initially sued in a local Puerto Rico court in 2004, naming not only the hospital but also others as defendants.  The local case was suspended to await the outcome of the federal case.  Defendants in addition to the hospital were

Although the plaintiffs claimed federal subject matter jurisdiction under ERISA, the district court found that the church plan exception applied so ERISA did not govern the hospital's pension regime. The court granted summary judgment in favor of the defendants, dismissing the case on May 21, 2009, for lack of subject matter jurisdiction--there being no federal claim in the case outside of the purported ERISA count. Torres and Bonilla did not appeal that decision and took no further action in court for five years.

On November 24, 2014, Torres and Bonilla filed a motion in the district court to set aside the 2009 judgment, invoking the court's authority to vacate a judgment procured by "fraud on the court." Although such an action is recognized in the rules, Fed. R. Civ. P. 60(d)(3), the power of federal courts, both trial and appellate, to set aside or alter prior judgments obtained by fraud antedates the rules' adoption in 1938 and is a long-settled equitable power of the federal courts not constrained by any statute of limitations, Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244-45 (1944).

This drastic remedy is hedged with restrictions. Here, plaintiffs claimed that in the original federal action they brought

also named in the federal case but were dismissed prior to this appeal, with two exceptions: Banco Popular de Puerto Rico and Watson Wyatt Company. Each has filed its own brief here.

- 4 -

in 2006, various defendants made deliberate material misstatements in their answers and various sworn statements. After referring the reopening request to a magistrate judge, the district court in September 2015, in agreement with the magistrate judge, rejected the request as not coming even close to the level of "fraud on the court."

The plaintiffs moved for reconsideration citing evidence unearthed during the state-court proceeding, which had resumed following the 2009 dismissal order in the federal case. The district court denied the motion, and this appeal followed. The appeal is hopeless on the merits; but the defendants raise threshold objections that they argue divest this court of authority over the appeal, namely (1) that the appeal is untimely, and (2) that the notice of appeal is insufficient.

"'Jurisdiction' is a term used multiple ways," McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 213 (1st Cir. 2012); not every rule governing the timing of appeals can be said to be "jurisdictional," only those accorded that status by statute, Hamer v. Neighborhood Housing Services of Chicago, 138 S. Ct. 13, 17 (2017), or where Congress has otherwise made a "clear indication" of its desire to treat a particular rule as having "jurisdictional attributes." Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 439 (2011).

In all events, Supreme Court precedent generally contemplates that a federal appeals court consider the timeliness of the appeal before proceeding to the merits, Bowles v. Russell, 551 U.S. 205, 213-14 (2007), even where the merits issue is straightforward and where the same party would lose under either a jurisdictional or a merits ruling. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998); see also McKenna, 693 F.3d at 213 ("[I]t is settled that a civil appeal filed out of time is barred, that the error in timing cannot be waived, and that circuit courts are expected to notice the error sua sponte . . .").

In the nineteenth century and well into the twentieth, some courts including this one (1) accepted that even jurisdictional objections could be deemed waived if not raised early in a lawsuit, and (2) often reached the merits of certain disputes without deciding jurisdiction where the result would have been unchanged. E.g., Carter v. Bennett, 56 U.S. 354, 357 (1853); United States v. Parcel of Land With Bldg., Appurtenances & Improvements, Known as Woburn City Athletic Club, Inc., 928 F.2d 1, 4 (1st Cir. 1991).

Steel Co. has ended this debate, see Hart & Wechsler, The Federal Courts and the Federal System 1412 (6th ed. 2009), at least with respect to Article III jurisdiction. But the timeliness of an appeal or its scope do not turn on the "arising under"

language of Article III or the scope of diversity jurisdiction. It depends on whether the appeal was filed within the proper time or encompasses the issue sought to be raised.

In our case the district judge dismissed the plaintiffs' reopening motion on the merits on September 30, 2015, holding that the allegations by plaintiffs even if factually supported did not constitute fraud on the court. Plaintiffs then moved for reconsideration on October 8, 2015, within the required time period of twenty-eight days, see Fed. R. Civ. P. 59(e). The district court denied the motion for reconsideration on September 19, 2016; a notice of appeal from that order was then filed within the required thirty-day period. Fed. R. App. P. 4(a)(1)(A).

Although a timely motion for reconsideration normally tolls the running of the time to appeal, Fed. R. App. P. 4(a)(4)(A)(iv), various defendants argue here that this is not true of where, without bringing anything new to the table, the motion repeats claims already disposed of by the dismissal order, Johnson v. Teamsters Local 559, 102 F.3d 21, 29–30 (1st Cir. 1996), or is merely an eleventh-hour effort to undo the party's procedural failures, Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006). But here plaintiffs did offer something not previously advanced, namely, evidence unearthed during the state proceeding, so the present appeal is thus timely.

Alternatively, defendants argue that the notice of appeal identifies only the September 19, 2016, denial of the motion for reconsideration and that this court therefore lacks authority to consider the original September 30, 2015, dismissal of their fraud claim. See Fed. R. App. P. 3(c)(1)(B) (requiring that the notice of appeal "designate the judgment, order, or part thereof being appealed"). But, as this court said in McKenna,

> Technically, an appeal that attacks only an order denying reconsideration can fairly be limited by the court solely to issues raised in the reconsideration motion; but so long as that order is timely appealed, courts have some latitude to consider other grounds originally urged against the underlying dismissal, especially where the issues on original dismissal and the reconsideration order overlap or are intertwined.

693 F.3d at 213.

In this case the only substantive issue on which Torres and Bonilla seek review is the district court's denial of their effort to set aside the 2009 judgment based on alleged fraud on the court; so we exercise our discretion to review that ruling notwithstanding the lack of clarity in the notice of appeal, Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 3 (1st Cir. 2002) (explaining that notices of appeal should be "construe[d] . . . liberally" and "examine[d] . . . in the context of the record as a whole").

Turning to the merits, claims of false statements by lawyers or parties are a serious matter and might meet some

- 8 -

definitions of "fraud," but the phrase "fraud on the court" has a special, well-understood and limited office. Inaccurate assertions in lawsuits are commonplace and to allow all such claims to be presented as "fraud on the court," with no time limit, would undermine the finality of judgments and the need for all litigation to come to an end, cf. Klimowicz v. Deutsche Bank Nat'l Trust Co., 907 F.3d 61, 67 (1st Cir. 2018).

Thus "fraud on the court" is limited to fraud that "'seriously' affects the integrity of the normal process of adjudication," "defile[s] the court itself," and prevents "the judicial machinery" from performing its usual function--for example, bribery of a judge or jury tampering. 12 Moore's Federal Practice § 60.21[4][a] (2018); see also George P. Reintjes Co. v. Riley Stoker Corp., 71 F.3d 44, 48 n.5 (1st Cir. 1995). Nothing of this severity is present in the plaintiffs' allegations.

Plaintiffs' mainly contend that Banco Popular de Puerto Rico and Bella Vista and their agents committed perjury by denying the existence of an ERISA-covered 401(k) plan and covered up the transfer of funds between the liquidated employee benefits plan and the 401(k) plan. Even assuming the truth of these allegations, "perjury alone . . . has never been sufficient" to constitute "fraud upon the court." George P. Reintjes Co., 71 F.3d at 49.

Sorry though one may be about the plight of the plaintiffs, the fraud on the court claim is hopeless.  The 2006 litigation is at an end.

<u>Affirmed</u>.