**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2059
_____

MING WEI,
                    Appellant

v.

COMMONWEALTH OF PENNSYLVANIA; PENNSYLVANIA DEPARTMENT
OF HEALTH (PADOH); PENNSYLVANIA STATE CIVIL SERVICE
COMMISSION (SCSC); VERONICA URDANETA in Her Individual and Official
Capacity; STEPHEN OSTROFF in His Individual and Official Capacity; TIFFANY
BURNHAUSER in Her Individual and Official Capacity; GODWIN OBIRI in His
Individual and Official Capacity; ROBERT GIALLO in His Individual and Official
Capacity; KIM STRIZZI in Her Individual and Official Capacity; and JOHN DOES 1-5
in Their Individual Capacities
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:11-cv-00688)
District Judge:  Honorable John E. Jones III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 1, 2021
Before:  MCKEE, SHWARTZ and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed October 5, 2021)

———————

OPINION[*]

———————

PER CURIAM

Pro se appellant Ming Wei appeals from the District Court's order denying his motion to set aside the District Court's prior judgment for fraud and to reopen the case. For the following reasons, we will affirm the District Court's judgment.

I.

The procedural history of this case and the details of Wei's claims are well known to the parties and need not be discussed at length. Briefly, in 2007, Wei was terminated from his job by the Pennsylvania Department of Health. He challenged his removal before the State Civil Service Commission ("the Commission"). In 2008, the Commission decided that the Department had just cause for the firing because Wei had failed to complete an assignment. The Commonwealth Court of Pennsylvania affirmed the Commission's decision. Wei v. State Civil Serv. Comm'n, 961 A.2d 254 (Pa. Commw. Ct. 2008).[1]

In 2011, Wei filed a civil rights complaint, which he subsequently amended, in the District Court for the Middle District of Pennsylvania alleging, inter alia, that the

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Wei has moved to reopen that case three times. The Commonwealth Court has affirmed the Commission's denial of each motion. See Wei v. State Civil Serv. Comm'n, No. 1321 C.D. 2018, 2019 WL 2400476, at *1 (Pa. Commw. Ct. May 9, 2019).

defendants discriminated against him based on his national origin, race, and disability. The District Court granted in part the defendants' motion to dismiss Wei's Fourth Amended Complaint and later granted the defendants' motions for summary judgment on the remaining claims. We affirmed the District Court's judgment. Wei v. Pennsylvania, 796 F. App'x 143 (3d Cir.), cert. denied, 141 S.Ct. 664 (2020).

Weeks after the Supreme Court denied certiorari, Wei filed a motion in the District Court pursuant to Federal Rule of Civil Procedure 60(b)(3) and (d)(3) to set aside the final judgment on the basis of fraud, and to reopen the case and add certain defamation claims.[2] The District Court denied Wei's motion. Wei appeals.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's denial of a Rule 60(b) and (d) motion to reopen for abuse of discretion. Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011). "We may affirm a district court for any reason supported by the record." Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

## III.

To the extent Wei relies on Rule 60(b)(3), his motion was untimely. Rule 60(c)(1) provides, inter alia, that a motion under Rule 60(b)(3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "The one year time limit is not extended by the maintenance of an appeal."

---

[2] In his motion, Wei cited Rule 60(d)(3) and non-existent subdivision 60(c)(3). The District Court correctly construed the latter as a reference to Rule 60(b)(3).

Hancock Indus. v. Schaeffer, 811 F.2d 225, 239 (3d Cir. 1987) (citation omitted). The District Court entered final judgment on March 28, 2019. Wei did not file his motion to set aside the judgment until November 17, 2020, so he cannot obtain relief under Rule 60(b)(3).

Rule 60(d)(3) provides that Rule 60 does not limit a court's power to set aside a judgment for fraud on the court.[3] "A court may set aside a judgment based upon its finding of fraud on the court when an officer of the court has engaged in 'egregious misconduct,'" such as bribery or fabrication of evidence. In re Bressman, 874 F.3d 142, 150 (3d Cir. 2017) (quoting Herring v. United States, 424 F.3d 384, 390 (3d Cir. 2005)). Such a finding "must be supported by clear, unequivocal and convincing evidence" of "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court." Herring, 424 F.3d at 387 (citation omitted).

Wei cannot meet this "demanding standard." Id. at 390. He argues that certain statements made in the defendants' statement of material facts accompanying their second motion for summary judgment and repeated in their brief on his first appeal were inaccurate and constitute "frauds." In their statement of material facts, the defendants cited to written declarations and oral testimony in support of the contested statements.

---

[3] On appeal, Wei for the first time raised Rule 60(d)(1) as a possible basis for relief. "We generally refuse to consider issues that the parties have not raised below." Freeman v. Pittsburgh Glass Works, LLC, 709 F.3d 240, 249 (3d Cir. 2013). And, in any case, Wei has not made the requisite showing that relief is necessary to "prevent a grave miscarriage of justice." Jackson v. Danberg, 656 F.3d 157, 166 (quoting United States v. Beggerly, 524 U.S. 38, 47 (1998)).

4

Defs.' Statement of Material Facts ¶¶ 7-28, ECF No. 300. Wei argues that the cited declarations and testimony are contradicted by contemporaneous emails and records and that defendants' counsel committed intentional fraud by relying on these materials. We rejected Wei's substantially similar arguments in his first appeal. Wei v. Pennsylvania, 796 F. App'x at 149 ("Wei's claims of fraud are again mere attempts to relitigate the facts surrounding his removal from his employment.")

Wei disputes the defendants' account of the evidence and argues that his interpretation of certain evidence should be credited over the defendants' testimony and interpretation of other evidence. "[C]laims of false statements by lawyers or parties are a serious matter and might meet some definitions of 'fraud,' but the phrase 'fraud on the court' has a special, well-understood and limited office." Torres v. Bella Vista Hosp., Inc., 914 F.3d 15, 19 (1st Cir. 2019). "Inaccurate assertions in lawsuits are commonplace," and do not generally rise to the level of "fraud on the court." Id. Wei failed to establish by clear, unequivocal, and convincing evidence that any of the allegedly inaccurate statements he attributes to defense counsel represent egregious misconduct or intentional fraud, or were in fact relied upon by the District Court.[4]

---

[4] Wei focuses his arguments on issue preclusion. In his first appeal, we explained that he appeared to "claim that the Commission's finding of just cause for his removal was based on the assignment of converting the HARS data but that he was never assigned to convert HARS data," so the District Court erred in using the Commission's adjudication to preclude many of his claims. Wei v. Pennsylvania, 796 F. App'x at 146. But, we continued, "the preclusive issue that the Commission decided and Commonwealth Court affirmed was that there was just cause for Wei's removal from his job due to his insubordination and unsatisfactory work performance." Id. Furthermore, it is clear that the Commission found that Wei failed to complete a specific data conversion assignment given by his supervisor, regardless of whether the data involved should have been labeled

5

In his motion, Wei sought to add six new claims of defamation against the defendants. He cited no legal basis for amending his claims at this stage in the litigation. As the District Court declined to reopen the case, it did not reach Wei's purported new claims. On appeal, Wei argued that he should be permitted to bring new claims only in passing and did not cite any legal basis for such amendment. This argument is forfeited for lack of development. See N.J. Dep't of Env't Prot. v. Am. Thermoplastics Corp., 974 F.3d 486, 492 n.2 (3d Cir. 2020).

IV.

Accordingly, we will affirm the judgment of the District Court.[5]

---

"HARS data." See Comm'n Adjudication 3-16, ECF No. 300-2 at 111-24; Comm'n Hr'g Tr. 38-64, ECF No. 300-1 at 483-509.

[5] In passing, Wei requested sanctions against defendants and defense counsel. Those requests are denied.